[No. 6764. Decided October 19, 1907.]

S. M. WILLIAMS *et al.*, *Respondents*, v. ERIE MOUNTAIN
CONSOLIDATED MINING COMPANY *et al.*, *Respondents*,
and GEORGE ILSE, *Appellant*.[1]

CORPORATIONS—STOCKHOLDERS—ACTIONS—RIGHT TO SUE—PARTIES
PLAINTIFF. In an action by stockholders of a corporation to compel
a reconveyance to the corporation, the complaint is sufficient to
show legal capacity of the plaintiff to sue, without any allegation
that they had moved the corporation to begin suit, where it appears
that the officers and a majority of the trustees were wrongdoers and
in control of the corporation and that a demand for corporate action
would have been useless.

Appeal from a judgment of the superior court for Spokane
county, Kennan, J., entered June 27, 1906, in favor of the
plaintiffs, upon overruling a demurrer to the complaint, in
an action by stockholders for the fraudulent diversion of the
assets of a corporation. Affirmed.

*Peacock & Ludden*, for appellant.

*Willis H. Merriam* and *Swanson & Ripley*, for respondents.

DUNBAR, J.—This action was brought by the plaintiffs,
alleging that they at one time were stockholders in the Erie
Mountain Consolidated Mining Company, and that after-
wards they had their stock transferred into the Erie Con-
solidated Gold Mining Company, in consideration of a certain
agreement between the two companies by which the property
of the first company was to be transferred to the second com-
pany; that the complete transfer was not consummated by
reason of a fraudulent conspiracy between the officers of said
company, to wit, G. S. Allison, Rufus Merriam, Willis Mer-
riam, and the defendant George Ilse, to cheat and defraud
the second company, the Erie Consolidated Gold Mining

[1]Reported in 91 Pac. 1091.

Company, in pursuance of which fraudulent conspiracy the property of the corporation was deeded by the first company, the Erie Mountain Consolidated Mining Company, to the defendant Ilse; and other allegations were made in regard to peculations of the defendants. The complaint prays for an appointment of a receiver, the judgment declaring the deed to the property null and void, and that the defendant Ilse be compelled to reconvey to the second company, and for an accounting by Rufus Merriam and Willis Merriam.

A demurrer was interposed to this complaint. The important proposition raised in the demurrer, and the only one which merits discussion here, is that the plaintiffs have no legal capacity to sue. The demurrer was overruled by the court, the defendants Merriam and Allison interposed a cross-complaint, and judgment was obtained against Ilse, to the effect that upon the return of the money that he advanced for the benefit of the property, he should redeem the same to the Erie Consolidated Gold Mining Company. The cross-complaint, in substance, alleged that the property was deeded to Ilse with the intention that it should be held in trust for the benefit of the corporation for certain reasons alleged in the complaint, which it is not necessary to set forth here, and that it was made without other consideration, and because the companies had confidence in him as trustee of the Erie Consolidated Gold Mining Company. The prayer in that complaint is that said Ilse be required to make a deed of transfer of said properties back to the defendant companies.

It is contended by learned counsel for the appellant that the demurrer of the defendant Ilse to the complaint should have been sustained for the reason that there was no allegation showing the matter had been presented to the corporation for it to act upon, and that there was no demand upon the corporation or its officers to bring suit. It may be admitted that, as a general rule, before a stockholder can be permitted to sue or defend on behalf of a corporation, he must show that

he has exhausted all means within his reach to obtain within the corporation itself the redress of his grievances, or action in conformity to his wishes, and that the managing body of the corporation has refused to sue or defend, as the case may be. This is the rule announced in 26 Am. & Eng. Ency. Law (2d ed.), p. 976 f and notes.

*Ninneman v. Fox*, 43 Wash. 43, 86 Pac. 213, a case decided by this court, is also cited by appellant in support of his contention. In that case the general rule was announced as above set forth. But it was especially stated in the opinion in that case that it had no reference to suits brought by a stockholder where the corporate authorities refused to act. It seems to us that the complaint in this case shows a state of facts that is equivalent to a showing that the corporate authorities or those in control refuse to act. It is alleged, concerning the deed which it had been resolved by proper action should be made out to the Erie Consolidated Gold Mining Company from the Erie Mountain Consolidated Mining Company, that Ilse, the president of the Erie Consolidated Gold Mining Company, and Willis H. Merriam, secretary and treasurer, neglected, refused, and failed to place said deed of record with the land registry office, Nelson, British Columbia, and withheld said deed from record for the purpose of cheating and defrauding the stockholders of their rights; that without notice and consent of the remainder of the board of trustees, they passed a resolution to deed all of the said property to the said George Ilse, president of the Erie Consolidated Gold Mining Company, and made a conveyance to him of all of the mining property belonging to the said Erie Consolidated Gold Mining Company as an individual, which before had been deeded to the said Erie Consolidated Gold Mining Company; that no consideration was given for said deed; that said deed included all the property belonging to said corporation, and that the said Rufus Merriam, Willis Merriam, and George Ilse have neglected and refused to allow

the stockholders or their representatives, attorneys, or agents, to inspect or examine any of the books, by-laws, deeds, receipts, or any record whatever of said companies, although they have often been requested so to do, and the stockholders have made demand and asked to be allowed to inspect said books; that by reason of such action, they were unable to give a description of the property, and unable in any way to intelligently proceed in the matter; and that from time to time they have demanded the right of parties in control of the books to inspect said books in order to know the condition of the affairs of the company, and that said right had been refused at all times to them or their legal representatives. Under this showing it seems to us that the plaintiffs have brought themselves within the exception to the general rule, and that they are practically helpless so far as any action within the corporation is concerned. The rule as announced in subd. 3, on page 978, 26 Am. & Eng. Ency. Law (2d ed.), is as follows:

"In the state courts it is generally held that a stockholder may excuse a failure to demand corporate action by showing that the persons charged with the wrongdoing, and who would be parties defendant to the action, are still in control of the corporation as directors, or that the wrongdoers control a majority of the board of directors, or by proof of any other facts which clearly show that a demand for corporate action would have been useless."

On page 967, 10 Cyc., it is said:

"This right of action arises where the majority of the shareholders in control of the corporation, are pursuing a course of action which is plainly oppressive to the minority and in fraud of their rights; where the directors and officers are acting, not in faithful discharge of their trust, but are perverting their official powers to their own personal gain and benefit, and in fraud of the rights of the shareholders; where the managers and a majority of the shareholders are diverting the assets of the corporation from their legitimate purposes to their own use and benefit; where the assets of the

corporation have been fraudulently diverted into the hands of
individual shareholders."

The allegations of the complaint are too numerous to set
forth in detail in this opinion, but there is certainly enough
to show, if the complaint is true, that the assets of the corpo-
ration have been fraudulently diverted into the hands of indi-
vidual shareholders, and that the officers are not acting in
any faithful discharge of their duties, but are performing
their official powers to their own personal gain and benefit;
and such showing is made here as ought to empower a court
of equity to act in the premises. We think the other objec-
tions to the complaint are untenable, and that no error was
committed by the court in any of the matters complained of.
From an investigation of the testimony, we have reached the
conclusion that the facts found by the court were justified
by the record, and it is immaterial whether the facts found
were based upon the testimony offered in support of the
original complaint or the cross-complaint.

The judgment rendered metes out substantial justice in the
case.   It is therefore affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, ROOT, MOUNT, and
CROW, JJ., concur.