[No. 9919.  Department One.  January 13, 1912.]

MARTIN LEE, *Respondent*, v. STEINHART LUMBER COMPANY
et al., *Defendants*, K. W. STEINHART, *Appellant*.[1]

CORPORATIONS — REPRESENTATION — ACTION BY STOCKHOLDER — AC-
COUNTING.  A minority stockholder may maintain an action for an
accounting on behalf of the corporation against a stockholder and
officer where the majority of the stockholders and of the trustees do
not desire an accounting and refuse to act.

SAME—RIGHT TO ACCOUNTING—DEFENSES—REFUSAL.  The fact that
a corporation stockholder and officer gave expert accountants as-
sistance after the books had been obtained by legal process, does not
show that he never refused an accounting, or defeat the right thereto,
where it appears that he did not acknowledge the correctness of the
experts' statement or admit any liability thereon.

SAME—ORGANIZATION—PAYMENT OF PARTNERSHIP DEBTS—EVIDENCE
—SUFFICIENCY.  Findings to the effect that, on the formation of a
corporation, by three stockholders, all the debts of a former co-
partnership existing between two of them were not agreed to be
paid by the new concern, are sustained, where of the three, two in-
terested witnesses testified that only certain specified debts were in-
cluded, one of them testifying against his own interest.

Appeal from a judgment of the superior court for Thur-
ston county, R. F. Sturdevant, Esq., judge *pro tempore*,
entered April 27, 1911, upon findings in favor of the plaintiff,
in an action for an accounting.  Affirmed.

*Frank C. Owings* and *Thos. L. O'Leary*, for appellant.

*E. N. Steele*, for respondent.

FULLERTON, J.—This is an action for an accounting.  To
an understanding of the controversy a somewhat extended
statement of the facts is necessary.  It appears that, for
some time prior to January 23, 1906, the appellant, K. W.
Steinhart, owned and operated a factory for the manufacture
of porch columns and certain other forms of wood products,
the factory being located at Bucoda, Washington.  On that

[1] Reported in 119 Pac. 1117.

day he sold a one-half interest in the business to one B. E. Loomis, for a specified consideration, and entered into an agreement with Loomis to the effect that he (Steinhart) should conduct the business of the factory at a fixed salary per month and divide the net profits of the business with Loomis. This relation continued until January 23, 1908, when the respondent Lee became interested in the business. At that time a corporation was formed with a capital stock of $12,000 of which Lee, Loomis and Steinhart each subscribed for one-third. Loomis and Steinhart paid for their shares by turning into the corporation the factory and stock on hand; subject to an indebtedness, as Lee and Loomis understood it, of $1,706.19, and as Steinhart contends, of $9,214.97, owing by the partnership. Lee agreed to pay for his stock $4,000 and actually paid thereon $3,800.36.

On the formation of the corporation, Steinhart was elected president, Lee, vice president, and Loomis, secretary. Steinhart, however, was put in charge of the business and managed it without hindrance or control until the factory was destroyed by fire on June 28, 1908. The factory and stock were insured; and after the fire, Steinhart collected for the corporation, from the insurance companies, some $13,030.95, and collected from sales of the remnants left after the fire several hundred dollars more. He then paid the corporation's obligations, and reported to the other stockholders that the funds of the corporation were exhausted. Thereupon Lee and Loomis, in their own names and in the name of the corporation, began an action against Steinhart for an accounting. Loomis also instituted an action against Steinhart for an accounting of the partnership business.

After issue had been joined in the actions, the several parties secured expert accountants and had them go over the books of the concern. On their report, Loomis instructed his counsel to dismiss his action for an accounting of the partnership affairs, and also the action brought in the name of the corporation for an accounting of the corporation's

business.   Such a motion was made by his counsel; but Lee, who was represented by his private counsel, resisted the motion in so far as it applied to an accounting of the business of the corporation.   The court granted the motion, allowing Lee, however, to continue the action in his own name on behalf of the corporation against both Steinhart and Loomis. Lee thereupon filed an amended complaint for an accounting against Steinhart, making Loomis a party defendant thereto. Issue was joined on the complaint and an accounting had, in which it was found that Steinhart had expended some $9,214.97 on debts incurred by the partnership prior to the formation of the corporation, whereas he was only authorized to expend $1,706.19 for such debts, and judgment was rendered against him in the name of the corporation for the difference between these sums, less a small balance due the partnership which was collected and intermingled with the funds of the corporation.   Steinhart appeals from the judgment so entered.

The appellant first assigns that the court erred in permitting Lee to maintain an action for an accounting after the action begun for that purpose by the corporation had been dismissed.   He argues that a stockholder of a corporation, as such, cannot maintain an action against another stockholder of the corporation for an injury to the corporation, but contends that all such wrongs must be redressed by the corporation itself and in the corporate name.   Such undoubtedly is the general rule, and such is the rule of the case of *Ninneman v. Fox*, 43 Wash. 43, 86 Pac. 213, cited by the appellant to maintain his contention.   But the rule has an exception, recognized also by the case cited.   A stockholder may maintain such an action where he is a minority stockholder and the corporate authorities representing the majority stock refuse to act.   The case at bar falls within the exception.   No accounting was desired by either Steinhart or Loomis, and they represented not only the ma-

jority stock of the corporation, but constituted a majority
of its trustees also.

It is true, Loomis at first joined with the respondent in
the action against Steinhart, but he discovered, as soon as
the books were experted, his own probable liability for the re-
turn of the money paid on the partnership indebtedness by
Steinhart in excess of the amount agreed upon to be paid at
the time the corporation was formed; that is, he discovered
that his interests lay with Steinhart, and hence refused to
further consent to any proceeding on behalf of the corpora-
tion that might establish a liability on his part to the cor-
poration. His refusal to act left Lee in the minority, and
Lee was thereafter entitled to maintain the proceedings in
his own name on behalf of the corporation.

In this same connection it is urged that an accounting was
never refused by Steinhart, but the facts hardly justify this
contention. After his co-incorporators had obtained posses-
sion of the books by legal process, he gave the experts such
assistance as they needed to make up a statement from the
books; but he at no time acknowledged the correctness of any
such statement; much less did he admit liability to the corpo-
ration for the amount he had overpaid on the partnership
debts. This did not constitute an accounting, and did not
defeat the right of the minority stockholder to maintain an
action against him in the name of the corporation for an
accounting.

The second principal contention is that the evidence does
not warrant the conclusion that Steinhart was not authorized
to pay all of the debts of the partnership out of the earnings
and assets of the corporation. But we think the evidence
overwhelming on this question. Lee, as well as his wife and
daughter, testify that the only debts mentioned consisted of
a note for $1,000 due a certain bank, and the labor bills
contracted during the preceding month, which were after-
wards ascertained to be $706.19. Loomis, testifying against
his interest, made the same statement also. Opposed to this,

is the testimony of the appellant, and his evidence is much weakened by the fact that he does not pretend that he stated to either Lee or Loomis the exact amount the partnership was indebted, but asserts that it was agreed that *all* of the partnership indebtedness should be paid. But conceding this to be true, it is evident that both Lee and Loomis understood him to mean that the specific debts enumerated were all of the debts owed by the partnership. In either case, he paid the excess without right, and is obligated to return it to the corporation.

On the whole of the record, we think the judgment should be affirmed, and it will be so ordered.

DUNBAR, C. J., GOSE, PARKER, and MOUNT, JJ., concur.