[No. 13254. Department One. July 10, 1916.]

M. SCHORMAN, *Respondent*, v. H. L. McINTYRE, *Appellant*.[1]

CORPORATIONS—REPRESENTATION BY AGENT—LIABILITY OF AGENT—SCOPE OF AUTHORITY—PURCHASE OF TREASURY STOCK. A corporation's agent for the purchase of hay is liable to a subscriber for treasury stock who had agreed to take stock in payment for hay in order to help out the company, where he substituted his own stock, falsely representing that it was the treasury stock subscribed for, and deducted the amount from the price of the hay without accounting to the company; since dealing in the stock was outside the scope of his employment, and he is estopped from asserting an agency by retaining the money.

SAME—LIABILITY OF AGENT—REMEDY OF PURCHASER OF STOCK. In such a case, the injury is not suffered alike by all the stockholders, as the subscriber is still bound to take from the company the treasury stock subscribed for, and may therefore maintain the action.

Appeal from a judgment of the superior court for Kittitas county, Chapman, J., entered November 20, 1915, dismissing an action for fraud, upon sustaining a demurrer to the complaint. Affirmed.

*Hovey & Hale*, for appellant.

*E. E. Wager*, for respondent.

ELLIS, J.—Appeal from a judgment for plaintiff upon defendant's election to stand upon his demurrer to the complaint.

[1]Reported in 158 Pac. 993.

It was alleged, in substance, that W. W. Robinson Company was a corporation engaged in buying and selling farm products, with its principal place of business at Seattle; that a large part of its capital stock was owned by farmers in Skagit, Yakima, and Kittitas counties; that in January, 1915, W. W. Robinson, manager of the company, at a meeting of the stockholders residing in Kittitas county, truthfully represented that the corporation was in need of additional operating capital and urged the stockholders to buy certain treasury stock held by the company in order to provide such funds; that plaintiff agreed to take five shares of the treasury stock at a par value of $100 a share and as pay therefor to allow the sum of $500 to be deducted from the value of certain hay which he had sold to the company; that defendant was then a stockholder and agent for the company at Ellensburg in the buying of hay and grain and had been formerly an officer of the company and, by reason of his intimate relation with the company, knew of plaintiff's purchase of the five shares of treasury stock; that on March 22, 1915, in making settlement with plaintiff for the hay which the corporation had purchased, he presented to plaintiff a certificate for five shares of stock of the corporation and deducted $500 from the price of the hay; that plaintiff accepted the certificate believing that it represented the five shares of treasury stock which he had purchased, whereas, defendant, fraudulently and with intent to deceive plaintiff, had purchased from a third person for $150 the five shares of stock delivered and had procured a new certificate to be issued in plaintiff's name; that defendant never remitted the $500 to the company, but retained and still retains it as his own; that, on discovering the fraud, plaintiff tendered a return of the stock and demanded that defendant refund the $500, which defendant refused. The prayer was for $500, with interest from March 22, 1915.

Appellant argues, (1) that the actionable wrong charged, if any, is one to be remedied in an action by the corporation,

since appellant was its agent and it was entitled to the money; (2) that the injury, if any, was suffered by all the stockholders alike, hence could only be redressed in an action for the benefit of all.  Both conclusions are erroneous because the premises are unsound.

As to the first claim, there is no allegation that appellant was agent for the corporation except for the purchase of hay and grain.  Even had he been its agent for the sale of stock, he was not its agent to speculate by purchase and sale of stock.  Such a transaction was not only outside the scope of his authority in any view of his agency, but was wholly outside the business of the corporation.  Had the respondent retained the stock without complaint, the company could not have been compelled to collect the money paid for it from the appellant.  On the facts alleged, a sufficient answer to such a demand would have been that appellant was not its agent to buy and sell stock.  Its remedy would have been to sue the respondent on his contract.  The necessary inference from the complaint is that respondent is still liable to the corporation for $500 on tender to him of five shares of the treasury stock.  Moreover it is alleged—and we must take the allegations as true—that appellant still retains the $500 claiming it as his own.  Obviously he cannot be permitted to shield himself behind an assumed agency the existence of which his retention of the money is a denial.  So long as he retains this money, he is estopped to assert an agency.

The second claim that the injury was suffered by all of the stockholders alike is equally untenable.  Respondent is still bound to take from the corporation and pay par value for five shares of its treasury stock.  Should the company insist upon its clear rights, he alone would be injured.  Further, plaintiff alleges that his sole motive in purchasing the stock from the company was to aid the company.  He intended to purchase from no one else.  His purpose was not to relieve some other stockholder of an investment.  Without his consent, the corporation itself could not have purchased

and substituted other stock for stock from its treasury. Appellant was not intending to augment the working capital of the company by $350, but by the full sum of $500. It is no answer to say that there is no intrinsic difference in the stock. The difference arises from the purpose and effect of the purchase. Since the company itself could not have honestly made the substitution, the agent could not do so, and this, regardless of the scope of his authority.

The several authorities cited by appellant merely follow the general rule announced in Thompson on Corporations (2d ed.), § 4550, that a stockholder cannot prosecute an action at law on account of any right of action which may exist in favor of the corporation. Of these cases, our own decision in *Nineman v. Fox*, 43 Wash. 43, 86 Pac. 213, is typical. What we have said of the facts in the case before us so palpably demonstrates the inapplicability of the rule as to make further comment on the authorities cited unnecessary.

The complaint stated a cause of action. The demurrer was properly overruled. The judgment is affirmed.

MORRIS, C. J., MOUNT, and CHADWICK, JJ., concur.