[No. 16845.　Department Two.　July 11, 1922.]

ED. B. POWELL, *Respondent,* v. ALASKA JUNK COMPANY, *Appellant.*[1]

CORPORATIONS (167, 174)—REPRESENTATION BY OFFICERS—CONTRACTS OF EMPLOYMENT—RATIFICATION. A partnership's employment of an attorney for one year is ratified by a corporation, formed a few months later, where the attorney continued to act for the corporation during the balance of the period.

SAME (167)—CONTRACTS—RATIFICATION — EVIDENCE — ADMISSIBILITY. In an action for attorney's fees, against a corporation which had ratified his employment by a partnership prior to incorporation of the company, it is admissible to show that a branch office of defendant had advised with the attorney on matters pertaining to the corporation after it had taken over the business of the partnership.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered March 6, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Charles P. Lund* and *Charles A. Reynolds,* for appellant.

*F. M. O'Leary,* for respondent.

MAIN, J.—The purpose of this action was to recover a sum claimed to be due as attorney's fees. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff. Motion for judgment notwithstanding the verdict being made and overruled, judgment was entered, and the defendant appeals.

The appellant is a corporation engaged in the junk business, both at Seattle and Spokane. The respondent is an attorney at law, located at Spokane, and brought this action to recover for services for which he had not been paid. Prior to the year 1918, Bernard Kahn and

[1]Reported in 207 Pac. 951.

Isador E. Faulk, as copartners, under the firm name of Kahn and Faulk, had been engaged in the junk business in Spokane. Early in February of this year, the respondent was employed by the firm to attend to all of its legal matters, for the agreed compensation of $600 for that year, to wit, 1918. This contract did not cover services rendered in litigation in which the firm might be engaged, but for such services a reasonable fee was to be paid. Sometime during the month of June, the Kahn and Faulk business at Spokane was consolidated with a like business in the city of Seattle, and the appellant corporation was formed for that purpose. After the corporation was formed, Kahn and Faulk, by bill of sale, transferred the assets of the firm to the corporation, and gave a list of their creditors for the purpose of satisfying the bulk sales law, all of which were assumed by the corporation. The corporation began business on July 1, 1918, it having been organized sometime during the previous month of June.

After the corporation was organized, one Frank Swartz was made president thereof, and Kahn treasurer, the latter moving to Seattle, but being the manager of the Spokane branch. After the corporation was organized, the respondent continued to act as attorney for the corporation just as he had for the partnership prior to that time. He claims, and there was evidence to sustain this contention, that, after the corporation was organized, he was authorized by Kahn to continue to serve the corporation the same as he had the partnership. There is also evidence that Swartz, the president of the corporation, knew of the employment and acquiesced in it. At least there was direct evidence that in October, Swartz, in a conversation with respondent, approved the employment. There was evidence from which the jury might infer that,

prior to this time; Swartz knew of the employment. The business was an extensive one from the time the corporation was organized until approximately the first of March, 1919; the respondent's advice was sought by those in charge of the Spokane branch, and he rendered the same service to the corporation that he had previously rendered to the partnership. During this time there were certain matters in litigation for which he had charged a fee and had been paid, and these items are not here involved.

There is little in this case except questions of fact. While the evidence was in dispute upon vital matters, there was sufficient evidence to sustain a finding of the jury that the respondent's previous employment by the partnership had been ratified by the corporation. It is true, as claimed by the appellant, that, in the list of creditors made at the time of the transfer, there was no mention of the respondent's claim, but notwithstanding this fact, under the evidence as it was offered upon the trial, the question was for the jury. This covers only the $600 item which was due at the end of the year 1918. There is another item of $200, claimed to have been earned during January and February, 1919. The evidence with reference to this item is directly in conflict as to whether the president of the corporation employed and authorized the respondent to act for the company during these two months; it presented plainly a question for the jury.

The appellant objected to certain evidence which was offered and admitted, one item being that the parties in charge of the Spokane branch consulted with the respondent and were advised by him on matters pertaining to the corporation after it took over the business. Without reviewing these objections to testimony in detail, it may be said that there was no error in this record. The cases of *Lee v. Steinhart Lumber*

*Co.,* 66 Wash. 572, 119 Pac. 1117, and *Hart Pioneer Nurseries v. Coryell,* 8 Kan. App. 496, 55 Pac. 514, relied on by the appellant, are distinguishable. In neither of those cases was there evidence showing ratification by the corporation of the contract of the prior partnership.

The judgment will be affirmed.

PARKER, C. J., MACKINTOSH, HOLCOMB, and HOVEY, JJ., concur.