A. B. AUSTIN v. TECUMSEH NATIONAL BANK.

FILED OCTOBER 21, 1896. No. 6781.

1. **Corporations: CORPORATE DEBTS: LIABILITY OF SUCCESSOR.** In order to render a newly organized corporation liable at common law for the debts of an established corporation or firm to whose business and property it has succeeded, it should, in the absence of a special agreement, affirmatively appear from the pleadings and proofs that the transaction in question is fraudulent as to creditors of the old corporation, or that the circumstances attending the creation of the new and its succession to the business and property of the old corporation are of such character as to warrant the finding that it is a mere continuation of the former.

2. ———: ———: PLEADING. Petition examined, and *held* not to state

a cause of action against the defendant as successor of the bank of R. & H., a corporation, either at common law, or under the provisions of the national banking act.

ERROR from the district court of Johnson county. Tried below before BUSH, J.

The facts are stated in the opinion.

*T. Appelget* and *J. Hall Hitchcock*, for plaintiff in error:

So far as the creditors of the old bank are concerned, there was such a merger as created a legal liability on the part of defendant for the debts of the old bank. (*Metropolitan Nat. Bank v. Claggett*, 141 U. S., 520; *Eans v. Exchange Bank of Jefferson City*, 79 Mo., 182; *Michigan Ins. Bank v. Eldred*, 143 U. S., 293; *Coffey v. Nat. Bank of Missouri*, 46 Mo., 140; *Kelsey v. Nat. Bank of Crawford*, 69 Pa. St., 426; *Thompson v. Abbott*, 61 Mo., 176; *Western Reserve Bank v. McIntire*, 40 O. St., 528; *Hopper v. Moore*, 42 Ia., 563; *Throp v. Wegefarth*, 56 Pa. St., 82; *City Nat. Bank of Poughkeepsie v. Phelps*, 97 N. Y., 44; *Island City Savings Bank v. Sachtleben*, 67 Tex., 421; *Longley v. Longley Stage Co.*, 23 Me., 39; *Hibernia Ins. Co. v. St. Louis & New Orleans Transportation Co.*, 13 Fed. Rep., 516; *Reed v. First Nat. Bank of Weeping Water*, 46 Neb., 168.)

The capital stock of the old bank was a trust fund for the benefit of its creditors, and any diversion of the capital was a fraud upon creditors for which defendant is liable. (*State v. Commercial State Bank*, 28 Neb., 677; *Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co.*, 24 S. W. Rep. [Tex.], 16, and cases cited; Kerr, Fraud, p. 380.)

The defendant is estopped from denying the validity of plaintiff's claim by its own acts in paying other certificates held by plaintiff of the same character, and by paying the interest on the certificate here sued on, and by telling him the old certificate was just the same as a new one on the new bank. (*Wise v. Newatney*, 26 Neb., 88; *Town of Brookhaven v. Smith*, 118 N. Y., 634; Bigelow,

Estoppel [5th ed.], p. 570; *Ingwersen v. Edgecombe*, 42 Neb., 740; *Tillson v. Downing*, 45 Neb., 549.)

*J. H. Ames, C. Gillespie*, and *S. P. Davidson, contra:*

The court did right in instructing the jury to find for defendant, for the reason that the petition does not state a cause of action. (*Gibson v. Parlin*, 13 Neb., 292; *Curtis v. Cutler*, 7 Neb., 318; *Bennett v. Rogers*, 12 Neb., 384; *Richardson v. Stone*, 32 Neb., 625; *Smith v. Weage*, 21 Wis., 442; *Armstrong v. Gibson*, 31 Wis., 67; *Burns v. City of Fairmont*, 28 Neb., 866; *Chicago, B. & Q. R. Co. v. Barnard*, 32 Neb., 306; *Manzy v. Hardy*, 13 Neb., 36; *Hiatt v. Brooks*, 17 Neb., 34; *Harrison v. Stipes*, 34 Neb., 431.)

Under the proofs in this case, defendant is not liable on the theory that the property of a corporation is a trust fund for payment of debts. (*Fogg v. Blair*, 133 U. S., 534; *Warfield v. Marshall County Canning Co.*, 72 Ia., 670.)

The doctrine of estoppel has no application under the facts alleged or proved. (6 Wait, Actions & Defenses, p. 691; *Supervisors of Logan County v. City of Lincoln*, 81 Ill., 156; 2 Beach, Modern Equity & Jurisprudence, sec. 1101.)

Fraud was neither alleged nor proved. (*Hamilton v. Ross*, 23 Neb., 630; *Clemens v. Brillhart*, 17 Neb., 335; *Turner v. Killian*, 12 Neb., 580.)

The right of a new corporation, purchasing the assets of one which it succeeds, to hold them free from the obligations of its predecessor, though not often denied, has been expressly affirmed. (*Wyman v. Augusta Bank*, 14 Mass., 58; *Bellows v. Augusta Bank*, 2 Mason [U. S. C. C.], 31; 1 Morawetz, Private Corporations, par. 568, note 2.)

The overwhelming weight of both reason and authority supports the right of corporations to exercise the same freedom in preferring creditors and in holding or disposing of their property as is possessed by individuals. (*Ballin v. Merchants Exchange Bank*, 89 Wis., 278; *Gorder v. Plattsmouth Canning Co.*; 36 Neb., 548; *Catlin v. Eagle Bank of New Haven*, 6 Conn., 233; *Pondville Co. v. Clark*, 25 Conn., 97; *Buell v. Buckingham*, 16 Ia., 284; *Garrett v. Bur-*

*lington Plow Co.,* 70 Ia., 697; *Sargent v. Webster,* 13 Met. [Mass.], 497; *State v. Bank of Maryland,* 6 Gill & J. [Md.], 205; *Planters Bank v. Whittle,* 78 Va., 737; *Hospes v. Northwestern Mfg. Co.,* 48 Minn., 174; *Vail v. Jameson,* 41 N. J. Eq., 648; *Coates v. Donnell,* 94 N. Y., 168; *Dana v. Bank of United States,* 5 Watts & S. [Pa.], 223; *Arthur v. Commercial Bank of Vicksburg,* 9 S. & M. [Miss.], 394; *Town v. Raisin River Bank,* 2 Doug. [Mich.], 530; *Reichwald v. Commercial Hotel Co.,* 106 Ill., 439; *Warner v. Mower,* 11 Vt., 390; *Ringo v. Biscoe,* 13 Ark., 563; *Dabney v. Bank of South Carolina,* 3 S. Car., 124; *Bank of United States v. Huth,* 4 B. Mon. [Ky.], 423; *Reinhard v. Bank of Kentucky,* 6 B. Mon. [Ky.], 252; *Bank of Commerce v. Payne,* 86 Ky., 446; *Gould v. Little Rock R. Co.,* 52 Fed. Rep., 680; *Lippincott v. Shaw Carriage Co.,* 25 Fed. Rep., 577; *Hills v. Stockwell,* 23 Fed. Rep., 432; *Allis v. Jones,* 45 Fed. Rep., 148; *Jones v. Bank of Leadville,* 10 Colo., 464; *Scoville v. Thayer,* 105 U. S., 143; *Twin Lick Oil Co. v. Marbury,* 91 U. S., 587; *County Court of Taylor County v. Baltimore & O. R. Co.,* 35 Fed. Rep., 161; *Stratton v. Allen,* 16 N. J. Eq., 233; *Duncomb v. New York H. & N. R. Co.,* 84 N. Y., 190.)

POST, C. J.

This was an action in the district court for Johnson county against the Tecumseh National Bank to recover the amount of a certificate of deposit for $300 issued by the firm of Russell & Holmes, doing business as bankers in said county. The allegations of the petition below are that the plaintiff therein, who is also plaintiff in error, on the 7th day of November, 1888, deposited with the said firm the sum of $300 and received the certificate of deposit above described; that on the 1st day of June, 1889, the firm of Russell & Holmes went into liquidation and closed its business, and thereafter the Bank of Russell & Holmes, a corporation, organized pursuant to the laws of this state, engaged in the business of banking as the successor of said firm; that the corporation aforesaid was a mere continuation of the firm of Russell & Holmes, and

as such succeeded to its business and assets of every character and assumed its liabilities. The statements therein which it is claimed connect the defendant in error with the indebtedness of Russell & Holmes as copartners, and the Bank of Russell & Holmes, a corporation, are the following: "Plaintiff further alleges that afterwards, to-wit, on or about the 13th day of April, 1890, the Bank of Russell & Holmes went into liquidation and closed its said business and ceased its organization as said Bank of Russell & Holmes, and thereupon, afterwards, to-wit, on or about the 14th day of April, 1890, the defendant was duly organized and created a banking corporation, under and by virtue of the various banking laws enacted by the congress of the United States, known and designated as the 'National Banking Act,' and is at the present time carrying on a general banking business in the city of Tecumseh, under the name and style of the Tecumseh National Bank, as successor to the Bank of Russell & Holmes. Plaintiff further alleges that this defendant, so organized and created a banking corporation as aforesaid, came into possession of and received, as successor to the Bank of Russell & Holmes, the property, assets, emoluments, business, and good-will of the said Russell & Holmes, and also the said sum of $300 deposited by this plaintiff as aforesaid, and this defendant thereupon became liable to the plaintiff for said deposit so received, with interest. Plaintiff further alleges that the business of this defendant was, and is, done and carried on in the same building and the same room previously occupied by the Bank of Russell & Holmes for the transaction of its business, and that all of the owners and officers of the Bank of Russell & Holmes became stockholders of this defendant upon its creation, and as such managed and controlled its business, whereby defendant assumed this indebtedness and became liable therefor. Plaintiff further alleges that the Bank of Russell & Holmes is wholly insolvent, and that it has no money or other property with which to pay those who had formerly made deposits with them and with

Russell & Holmes." The defendant, for answer, admits that it is a national bank, engaged in business as such in the city of Tecumseh as charged, and denies the other allegations of the petition. A trial was had of the issues thus joined, resulting in a verdict for the defendant in accordance with the peremptory direction of the court, upon which judgment was subsequently entered, and which it is sought to reverse by means of this proceeding.

The judgment of the district court appears to rest upon the conclusion that the plaintiff has failed to state a cause of action against this defendant, and our investigation of the subject has led to the same result. It will be observed from a careful reading of the petition that it is not charged that the Bank of Russell & Holmes became a national bank; that said corporation was reorganized under the National Banking Act or otherwise; that its liabilities, or any part thereof, were in fact assumed by the defendant herein, or that the latter did not in good faith, in the usual course of business, purchase and pay for the rights and property therein described. If, therefore, there exists a liability on the part of the defendant for the demand alleged as the cause of action, it is by reason of the fact that it has, by some means not disclosed, acquired the assets, business, and good-will of the Bank of Russell & Holmes, and the further fact that its business was at one time conducted and carried on in the room previously occupied by that corporation, and by men who had been officers and stockholders thereof. True, it is alleged that all the owners and officers of the Bank of Russell & Holmes became stockholders and officers of the defendant upon its creation, but it does not appear that such owners and officers were the holders of the whole, or even a majority of the stock of the last named corporation. For aught appearing to the contrary, the relation of the defendant to the Bank of Russell & Holmes is the not unusual one resulting from the purchase by one state or national banking corporation of the business and assets of another, in consideration whereof

it assumes the liabilities of the latter equal in amount to the property so acquired. Such a transaction transgresses no provision of the state or national banking laws, and will not, in the absence of fraud, subject the purchasing bank to a liability in excess of that expressly assumed.

. Our attention has been directed to the provision of the national banking law (Revised Statutes, U. S., sec. 5154) for the reorganization thereunder of banks established pursuant to general law of any state. That provision, it has been said, contemplates a mere transition from one jurisdiction to another by the corporations to which it applies, without abandoning their existence as such, without any change of organization, officers, stockholders, or property, and without interruption of their pending business or contract. (*Scofield v. State Nat. Bank of Lincoln,* 9 Neb., 316; *Coffey v. National Bank of Missouri,* 46 Mo., 140; *City Nat. Bank of Poughkeepsie v. Phelps,* 97 N. Y., 44.) It may, as the result of the foregoing and other decisions of like import, be assumed that a liability would in this instance have been implied from an allegation that the Bank of Russell & Holmes was reorganized pursuant to the statute above cited; but the bank above named, as charged in the petition, went into liquidation, closed its business, and ceased its organization as such on or about the 13th day of April, 1890, and the defendant was thereafter, on or about the 14th day of April, 1890, organized and created a banking corporation. Judge Story, in *Fleckner v. Bank of the United States,* 8 Wheat. [U. S.], 338, referring to the contention that the word "liquidate" meant, not a payment, but an ascertainment of a debt, said: "We think otherwise. Its ordinary sense, as given by lexicographers, is to clear away,—to lessen debts. And in common parlance, especially among merchants, to liquidate a balance means to pay it," and which view accords with the more recent definitions of the term. (*Vide* 13 Am. & Eng. Ency. of Law, 825.) The Bank of Russell & Holmes accordingly, instead of reorganizing as a national bank, proceeded, upon the closing of its busi-

ness, to liquidate its indebtedness, and the fact that its assets and business were subsequently acquired by this defendant will not *per se* operate to charge the latter, as its successor, under the provisions of the national banking law.

We have not overlooked the class of cases, including *Reed v. First Nat. Bank of Weeping Water*, 46 Neb., 168, holding newly organized corporations liable at common law for the debts of established corporations or firms to whose business, property, and franchises they have succeeded. There are to be found in the reports and text-books expressions apparently sustaining the proposition that a corporation which, upon its organization, succeeds to the business and property of another corporation or firm, is, from that fact alone, chargeable with the indebtedness of the latter. It is, for instance, said by Mr. Beach, in his excellent work on the Law of Private Corporations, sec. 360: "Where an old-established corporation sells out to a newly organized one and turns over all of its property, the new company becomes liable upon the debts and contracts of the old." The strict accuracy of that statement may, we think, be doubted, in view of the omission therefrom of any reference to the purpose or character of the transaction contemplated or the consideration therefor. We shall not attempt a review of the cases cited in the note accompanying the foregoing text, or in the briefs submitted herewith. It is sufficient that they may, in our judgment, be thus classified: (1.) Cases in which the liability of the new corporation results, not from the operation of law, but from its contract relation with the old. (2.) Cases like *Hibernia Ins. Co. v. St. Louis & New Orleans Transportation Co.*, 13 Fed. Rep., 516, in which the transfer of the property and franchise amount to a fraud upon the creditors of the old corporation. (3.) Cases where, as in *Reed v. First Nat. Bank of Weeping Water*, *supra*, the circumstances attending the creation of the new corporation and its succession to the business, franchise, and property of the old are such as to raise

the presumption or warrant the finding that it is a mere continuation of the former,—that it is, in short, the same corporate body under a different name. And the facts upon which such finding or presumption depends will not be presumed, but should affirmatively appear from the pleadings and proofs. The judgment of the district court is right and will be

AFFIRMED.