GEORGE C. EWING *vs.* COMPOSITE BRAKE SHOE COMPANY.

Suffolk.      March 12, 1897. — June 16, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Corporation — Action — Contract — Rescission.*

If the stockholders of a corporation, which has ceased to do business, together with others, form a new corporation which takes the assets of the old corporation, but does not assume to pay its debts, a creditor of the old corporation cannot maintain an action at law against the new corporation, unless the latter has made a new contract to pay his debt.

If a person enters into a contract, and afterwards seeks to avoid the effect of it on any ground that will entitle him to rescind it, he must first restore what he has received.

CONTRACT, in two counts, upon a special promise and upon an account annexed. Trial in the Superior Court, before *Lilley*, J., who, at the defendant's request, ruled that the action could not be maintained, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts sufficiently appear in the opinion.

*W. R. Bigelow*, for the plaintiff.

*C. A. Taber*, (*E. E. Kent* with him,) for the defendant.

LATHROP, J. The plaintiff was a creditor of a Maine corporation to the amount of $787. This corporation ceased to do business, and the stockholders, together with at least one other person, formed a new corporation with a different name under the laws of Massachusetts. The new corporation is the defendant in this case. It took all the assets of the old corporation except its books, but it did not assume to pay all of the debts of the old corporation, although there was evidence that one Whitcomb, who was the manager of both of the corporations,

told the plaintiff that the new company would be liable for the debts of the old.   It is obvious, however, that where a new corporation is formed, the creditors of the old corporation do not, without something further being done, become creditors of the new corporation.   They have an equitable right to follow the assets of the old corporation; but they cannot maintain an action at law against the new corporation, for there is no privity of contract.   To render the new corporation liable there must be a new contract made, such as will amount to a novation.   See Moraw. Corp. (2d ed.) §§ 808 *et seq.*

If a new contract is made between a creditor of the old corporation and the new corporation, the latter is liable only on the new contract.   In the case at bar, according to the plaintiff's testimony, the new contract which he made with the manager was that he should receive two hundred dollars in cash and five shares of the capital stock of the new corporation at the par value of one hundred dollars a share, in full payment of his claim of seven hundred and eighty-seven dollars.   He received the money and a certificate of five shares of the capital stock. He now seeks to rescind the new agreement, on the ground that the capital stock of the new corporation was not fully paid in before it began business.   But even if this is so, he cannot hold the new corporation for the original debt, as it never contracted to pay it, except in the manner in which the agreement has been performed.

There is an independent ground which leads to the same result.   The plaintiff has tendered only the five shares of stock, and has not offered to return the two hundred dollars which he received.   If a person enters into a contract, and afterwards seeks to avoid the effect of the contract on any ground that will entitle him to rescind it, he must first restore what he has received.   *Drohan* v. *Lake Shore & Michigan Southern Railway,* 162 Mass. 435.   *Moore* v. *Massachusetts Benefit Association,* 165 Mass. 517.

*Exceptions overruled.*