THE HART PIONEER NURSERIES v. M. CORYELL, U. B. PEARSALL, GEO. W. COMBS, AND THE BANK OF FORT SCOTT.

No. 352.

1. CORPORATIONS—*Unauthorized Act of Officer—Knowledge of Corporation.* The knowledge of an officer of a corporation in respect to an unauthorized transaction, wherein such officer acted in his own interests and adversely to those of the corporation, cannot be held to be the knowledge of the corporation.

2. ——— *Ratification of Unauthorized Act—Evidence Examined.* Under the facts disclosed by the record, it is *held*, that the corporation did not ratify the transaction referred to in the foregoing paragraph whereby corporate funds were paid on the individual obligation of the officer making such payment.

Error from Bourbon district court; J. S. WEST, judge. Opinion filed December 23, 1898. Reversed.

*J. D. McCleverty*, for plaintiff in error.

*W. R. Biddle*, for defendants in error.

The opinion of the court was delivered by

MILTON, J.: The note sued on herein by Martin Coryell was given to him by George W. Combs and U. B. Pearsall, two of the parties in this action, on August 16, 1889, for borrowed money in the sum of

Hart v. Coryell.

$1000.   Judgment was entered against them as sureties and against the Bank of Fort Scott and the Hart Pioneer Nurseries as principals on the note.   The makers of the note were then partners under the firm name of the Hart Pioneer Nurseries.   Being heavily indebted, principally to the Bank of Fort Scott, they organized a corporation with a capital stock of $60,000, divided into 600 shares, each of the partners receiving $15,000 thereof, and $30,000 (except three shares of $100 each which were held by three other parties) being "treasury stock."   It was expected that the last-named stock could be sold at par and the entire indebtedness of the corporation, as successors to the partnership, thus discharged.   The partnership presented to the corporation a statement of its liabilities, and the corporation expressly assumed such liabilities, in consideration of the transfer to it of all the assets of the partnership.

The note sued on herein was not among such liabilities.

It appears that, as a result of various manipulations, at the time this action was commenced the Bank of Fort Scott held, by two separate transfers, all the capital stock which had belonged to Combs and Pearsall, and had assumed all the liabilities of Combs and Pearsall growing out of their connection with the corporation.   There is nothing in the record tending to show that the plaintiff was led by any act or promise of the corporation to look to it for payment of his note.   The record does show that while Pearsall was secretary of the nursery corporation and acting as its business manager he paid fifty-five dollars on the plaintiff's note.   At the time of such payment, Charles Nelson, an officer of the Bank of Fort Scott, was president of the nursery corporation,

and the payment was made without Nelson's previous knowledge. When the latter discovered it had been made he protested against it. The by-laws of the corporation gave the secretary no such power of payment as he thus assumed, and there is no evidence that the directors ever ratified or approved the payment. The liability of the nursery corporation and of the Bank of Fort Scott, as claimed by the plaintiff, grows out of the fact that, when Combs and Pearsall by separate written agreements transferred their interests in the nursery corporation to the bank, the latter assumed their liabilities as members of such corporation, and that the nursery corporation, through the action of Pearsall as manager, had, by payment on the note, assumed the liability therefor. Unless, therefore, the record clearly shows that the nursery corporation, as a corporation, authorized Pearsall to make payment on plaintiff's note, or thereafter with knowledge of such payment ratified the same, there can be no liability on the part of the nursery corporation or of the bank, as principal or otherwise, on said note.

In our opinion, the record contains no substantial facts to indicate either previous authority for or subsequent ratification of the payment made by Pearsall on plaintiff's note after the corporation assumed the liabilities of the partnership, as the same were set forth in writing at the time such assumption was formally made. The only evidence tending in this direction is the bare statement by Pearsall of his conclusion that the corporation assumed the payment of plaintiff's note. The principle of law governing this case is well stated by Judge Thompson in his Commentaries on the Law of Corporations, volume 4, section 5324 :

" Closely allied to the matters considered in the two

Hart v. Coryell.

preceding sections is the case where a corporation which has been organized out of a previous partnership is proceeded against for a debt of the partnership.   The corporation is a distinct person in law from the partnership ; the promise of the partnership is not the promise of the corporation ; an action upon such promise will not lie against the corporation, in the absence of a ratification or adoption ; but it is necessarily a new contract, which must proceed upon a new consideration good in law.   Moreover, as it is a contract by one person to pay the debt of another, it must be in writing, in order to be good under the statute of frauds.   The mere fact that the promise was made by the same person, who was president of the association both before and after its incorporation, and that he renewed the promise of the corporation by parol after its organization, and while acting as its president, did not create a liability on the part of the corporation." (Citing *Georgia Co. v. Castleberry*, 43 Ga. 187.)

As before stated, we find no evidence of a ratification by the corporation, with knowledge, of the act of its officer, Pearsall, in making the payment from corporate funds on the plaintiff's note.   Pearsall acted in his own interest and adversely to the interests of the corporation.   His knowledge was not, therefore, the knowledge of the corporation in respect to the payment so made.

The judgment of the district court will be reversed and the cause remanded for a new trial.