CHICAGO, RACINE & MILWAUKEE LINE, Appellant, vs. WILMANNS and another, Receivers, Respondents.

*December 9, 1909—January 11, 1910.*

*Receivers: Sale of property: Construction: Proceeds of collections.*

An offer to purchase the entire right of a corporation and of its receivers in all the real and personal property described in the inventory, with a single exception not material here, was reported by the receivers to the court, and an order approving their acceptance of the offer followed the same language. The bill of sale or assignment executed by the receivers and confirmed by the court conveyed, among other things, all the right and title of the corporation and of the receivers "in and to each and all of the accounts receivable . . . as of June 17, 1908." *Held,* that the purchaser was entitled to have the proceeds of all accounts, appearing upon the inventory, which had been collected by the receivers after said date and before the sale.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Quarles, Spence &*

*Quarles,* attorneys, and *J. V. Quarles, Jr.,* of counsel, and oral argument by *J. V. Quarles, Jr.*

For the respondents there was a brief by *Auslin, Fehr & Gehrz* and *McCabe & Dahlman,* and oral argument by *G. G. Gehrz.*

TIMLIN, J.   In an action by Harry Zummach against Barry Brothers Transportation Company and others impleaded, the respondents were appointed receivers of the property of the Barry Brothers Transportation Company, which was duly inventoried and the inventory filed in court prior to December 5, 1908.   Amongst the property listed in this inventory were two items as follows:

"Item 8.   Accounts receivable, Milwaukee Station, consisting of uncollected freight bills acquired during the past ten years and since the organization of the company and carried on the books of the company at $9,858.40.

"Item 9.   Accounts receivable, Racine Station, consisting of uncollected freight bills acquired during the last ten years and since the organization of the company and carried on the books of the company at $497.53."

On December 7, 1908, one E. W. Seymour, assignor of the appellant, made an offer in writing to the receivers to purchase "the entire right, title, and interest of said company and of you as receivers thereof in and to all of the real and personal property described and referred to in the copy of your inventory hereto attached and made part hereof, with the exception, however, of item 1 of personal property, namely, steamer Pere Marquette No. 5."   The offer contained other matters not relevant here.   The receivers reported this offer to the court on or about December 15, 1908.   In that report they stated:

"After considerable negotiation" they succeeded in obtaining "an offer or proposition of one E. W. Seymour . ·. . for the entire right, title, and interest of said defendant company and of these receivers in and to a large part of the real and personal property, . . . including . . . all books of account,

business records, documents of said company prior to June 17, 1908, with the name and good will, which offer or proposition of said E. W. Seymour is hereto attached marked 'Exhibit A.' "

On December 16, 1908, the court made an order that the "offers or propositions of purchase and settlement, respectively, signed by E. W. Seymour (and other offers presented therewith) and referred to in and by copies marked Exhibits A and B, made part of said report and petition, be and the same hereby are approved and confirmed." The order went on and authorized the receivers to execute good and sufficient deeds of conveyance, bills of sale, and assignments to said Seymour and others of the entire right, title, and interest of said defendant corporation Barry Brothers Transportation Company and of said receivers thereof in and to all of the real and personal property which said purchasers by their said propositions or offers, respectively, agree to purchase, including to said Seymour (subject to a contract of even date) all books of account, business records, and documents of said company prior to June 17, 1908, with the name and good will. The receivers then executed to Seymour under date of December 16, 1908, an instrument of conveyance in and by which they sold, assigned, and transferred to said Seymour, his heirs, administrators, and assigns '

"the entire right, title, and interest of said Barry Brothers Transportation Company and of the undersigned, as such receivers thereof, in and to each and all of the accounts receivable, Milwaukee Station, of said company, carried on the books of said company at 9,858.41 dollars as of June 17th, 1908, consisting of uncollected freight bills evidenced by vouchers now in the office of said company at Milwaukee, Wisconsin. Also all of the accounts receivable, Racine Station, of said company, carried on its books at 497.53 dollars, as of June 17th, 1908, consisting of uncollected freight bills evidenced by vouchers in the office of said company at Racine, Wisconsin.

The circuit court on January 23, 1909, on report of the receivers that this sale was made and consummated, made an order confirming the sale.  It was thereafter discovered by the appellant, transferee of Seymour, that the receivers had after June 17, 1908, and prior to the sale to Seymour, collected of said accounts at the Milwaukee station $988.09, and of the accounts at the Racine station $311.23.  The appellant on verified petition made the foregoing facts appear to the court and asked that the receivers be required to pay the two sums last mentioned over to the appellant.  The receivers resisted this application on the following grounds: First. That they had no authority to assign the accounts except such as remained unpaid and uncollected.  Second. That Seymour "had full knowledge equal, or, as affiant is informed and verily believes, even superior to that possessed by said receivers as to which of said accounts receivable in question then actually remained uncollected and as to which of them had theretofore been paid and collected."  This referred to the date of his offer.  Third. That Seymour on December 5, 1908, made an offer in writing "for all the property, real, personal and mixed, including all accounts and bills receivable, prior to the receivership, all franchises, leases, and all other assets of every kind and nature that appear from the attached statement dated June 16, 1908, except all interest in the steamer Pere Marquette No. 5."  That the receivers through their attorneys declined this offer, "because, among other reasons, the same was not limited to the then right, title, and interest of said receivers in and to the accounts receivable and other property and assets to which the same referred, but it was thereby sought to bind these receivers to make sale and assignment of certain designated property with representation as to the quantum and character of the same, and that after considerable negotiation said offer of December 7, 1908, was substituted in place of said previous offer of December 5, 1908."  They also deny that they in fact sold or assigned or intended

to sell or assign the accounts receivable to Seymour which had theretofore been by them collected. There is no explicit statement that Seymour was by the receivers, or by any one for them, informed that part of these accounts had been collected, but there is explicit sworn statement by Seymour that he was not so informed and that he did not know.

The circuit court denied the petition of the appellant with respect to the two items of money, the proceeds of the collected accounts. The situation is quite unusual. The written instruments above quoted from seem to cover and convey the accounts as they appeared on the inventory on file, and the transfer from the receivers expressly conveys these accounts as of June 17, 1908. In addition to this, the offer of Seymour was for the entire right of the corporation or its receivers in and to all the real and personal property described in the inventory with a single specific exception. The order of the court approving the acceptance of Seymour's offer followed this language. The bill of sale or assignment by the receivers to Seymour was still more explicit, and the latter was confirmed by order of the circuit court. On the other hand, the learned circuit court, who had direction of the receivers, much knowledge and information concerning the circumstances, and great learning and experience in such matters, denied this petition. We are without aid or suggestion concerning the grounds of such denial. We have only the written instruments to guide us. But on the face of the writings as hereinbefore quoted it seems to us that the appellant upon a fair construction of these writings is entitled to the proceeds of the collected accounts, presumably in the hands of the receivers.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded with directions to enter an order requiring the receivers to pay over the proceeds of the accounts collected by them and in their hands.