ZIEMER, Respondent, vs. C. G. BRETTING MANUFACTURING COMPANY, Appellant.

*February 23—March 15, 1910.*

*Corporations: Master and servant: Liability for injury: Pleading: Admissions in answer: Estoppel: Business formerly conducted under same name by individual.*

1. Where a complaint alleges that plaintiff was injured on a certain date while he was in the employ of defendant, that the defendant is a corporation, and that on said date it owned and operated the foundry in which the injury occurred, admissions in the answer that defendant is a corporation and that plaintiff was injured at the time and place alleged are consistent with proof that, even if incorporated prior to the date mentioned, defendant was not then doing business nor the owner of nor operating the foundry in question, and that plaintiff was not then in its employ.

2. The admission in such case by the president of the defendant corporation, when notice of injury was served upon her, that she was such president, does not estop defendant from denying liability upon the ground that at the time of the injury it was not operating the foundry in question; and the mere fact that the name of the corporation is the same as that under which the foundry had been formerly conducted by its president as an individual does not render the corporation liable, where plaintiff was not in any way misled as to the identity of his employer either by the president or by any other member of the corporation.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This action was brought to recover for personal injuries alleged to have been sustained by plaintiff on the 19th day of June, 1907, while in the employ of the defendant. The complaint contains the following allegation:

"Upon information and belief, the defendant is a corporation duly incorporated under and by virtue of the laws of the state of Wisconsin, doing business at the city of Ashland, in said state, under the corporate name of the *C. G. Bretting Manufacturing Company,* and that on the 19th day of June, 1907, and for a long time prior thereto, the said defendant was the owner of and operated a foundry at the said city of Ashland, in said state, wherein certain kinds of machinery, wheels, and castings were made."

The complaint then goes on to state the negligence of defendant which caused plaintiff's injury, and demands judgment for $7,500. The defendant answered as follows:

"The defendant above named, for its amended answer to the amended complaint herein, admits that it is a corporation duly organized under the laws of the state of Wisconsin and that the plaintiff was injured at the time and place stated in said amended complaint; and defendant avers that the injury received by plaintiff mentioned in the complaint was caused by the negligence of the plaintiff and that of a fellow-servant, and not otherwise. Defendant denies each and every allegation of the complaint not herein specifically admitted."

A trial was had on the issues joined and a general verdict found in favor of the plaintiff for $1,700 damages. Judgment was rendered on the verdict in favor of the plaintiff and against the defendant, from which this appeal was taken.

For the appellant there was a brief by *Lamoreux, Shea & Cate,* and oral argument by *W. F. Shea.*

For the respondent there was a brief by *Eaton & Eaton,* and oral argument by *M. H. Eaton.*

KERWIN, J. The first proposition argued by appellant is that at the time of the injury the plaintiff was not in the em-

ploy of the defendant. If this proposition be sustained it is clear that the judgment below must' be reversed and no other question discussed need be considered. It is established in the case that C. G. Bretting owned and operated the foundry in question from 1901 to 1904, at which latter date he died, and afterwards his widow, Jane Bretting, was appointed administratrix of his estate, and continued to run and operate the foundry as such administratrix until September 25, 1907. Said Bretting operated the foundry under the name of C. G. Bretting Manufacturing Company, and the administratrix, Jane Bretting, continued to operate it as such administratrix up to the 25th day of September, 1907, under the same name. It is contended on the part of counsel for respondent that the defendant became a corporation on the 16th day of March, 1907, by virtue of the filing of the articles of incorporation with the register of deeds in accordance with sec. 1772, Stats. It is probable that counsel overlooked the amendments to this section, namely, ch. 238, Laws of 1901, and ch. 507, Laws of 1905. Sec. 1772, as amended, requires the original articles or a true copy thereof properly verified to be filed with the secretary of state, and a like verified copy and certificate of the secretary of state to be recorded by the register of deeds of the county in which the corporation is located, and that the corporation shall have no legal existence until such articles be left for record. The evidence is not clear whether the statute has been complied with so as to establish the fact that the corporation had legal existence on the 16th day of March, 1907, or at any time prior to the 25th day of September, 1907. But, in any event, this is not material in our view of the case, because it is perfectly clear from the evidence that the corporation did not organize, do business, or have any assets before the month of September, 1907, and it is equally clear that it did not purchase, take over, operate, or have any interest in the foundry in question prior to September, 1907. So the plaintiff at the time of the in-

jury was not in the employ of the defendant, but in the employ of the administratrix of C. G. Bretting, deceased; therefore there could be no liability on the part of the defendant for any negligence of the administratrix, unless the liability was in some way assumed or taken over by the defendant corporation, of which there is no evidence whatever in the record.

It is contended, however, on the part of counsel for the respondent, as we understand their argument, that the defendant is liable because of allegations in the complaint admitted by the answer and also on the ground of estoppel. The complaint alleges that the injury occurred on June 19, 1907, while the plaintiff was in the employ of the defendant, and further, that the defendant "is a corporation organized under the laws of the state of Wisconsin," and that, since this allegation respecting corporate existence is admitted in the answer, the defendant is estopped from denying that it was a corporation at the time of the alleged injury. But the allegations of the complaint admitted by the answer are perfectly consistent with the established facts, namely, that even if the corporation was organized in March, 1907, still it was not doing business, nor owner of nor in charge of the foundry, at the time of the injury, but that at such time the administratrix was operating it and employed the plaintiff. True, after the corporation was organized, and on the 25th day of September, 1907, it took charge of the foundry plant as such corporation, but there is nothing whatever in the record tending to show that it assumed the liability, if any existed, against the administratrix while she operated the plant, and, in the absence of such showing, clearly the liability complained of was not a liability against the defendant. It also appears that when the notice of injury was served on the 10th day of October, 1907, Jane Bretting, who had prior to the 25th day of September, 1907, operated the plant as administratrix, admitted that she was president of the defendant,

and the notice was served upon her. But this admission is no evidence of estoppel, because, as the record shows, she was at that time and after September 25, 1907, president of the corporation. It will be seen that the corporation adopted the name of *C. G. Bretling Manufacturing Company,* which C. G. Bretting and the administratrix had operated under. This obviously was done for business reasons, so that the corporation might do business in the same name under which the foundry had been operated prior to the transfer to the corporation. The fact that the corporate name was the same as that under which the business had formerly been run may have influenced the plaintiff in not investigating as to who employed him, whether a corporation or an individual, and he may have assumed that he was in the employ of a corporation. But this failure of diligence on his part cannot be charged to defendant. There is nothing whatever in the record going to show that the plaintiff was misled in any way either by the administratrix, who was then operating the business, or by any of the subscribers to the articles of incorporation. So we see no escape from the conclusion that since the plaintiff was not in the employ of the defendant, and nothing being shown establishing any liability on the part of the defendant for the alleged cause of action complained of, the plaintiff cannot recover upon the showing made. It may be that upon another trial the plaintiff can establish that the defendant corporation assumed the liability in question, if any existed, or otherwise became liable. We have therefore concluded to send the case back for a new trial. It follows from what has been said that the judgment of the court below must be reversed.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for a new trial.