ZIEMER, Appellant, vs. C. G. BRETTING MANUFACTURING
COMPANY, Respondent.

*October 24—November 14, 1911.*

*Corporations: Taking over old business: Assumption of liabilities:
Injury to employee.*

1. Where copartners or other joint owners of a solvent going busi-
ness transform themselves into a corporation to which the joint
property is transferred in exchange for shares of stock, there
may be either an express or implied assumption by the cor-
poration of prior liabilities.
2. Where a manufacturing business, conducted by the widow and
heirs of a former owner, was taken over by a corporation
formed for that purpose in which they owned nearly all the
stock, and such corporation continued the business under the
same name and in the same place, using the old books without
break or rest in the accounts, under a resolution of the stock-
holders pursuant to which the property was taken over "as of
date of April 1, 1907," though such resolution was adopted and
the actual transfer took place some months after that date, the
corporation assumed the liability, if any, of the former owners
of the business for an injury to an employee therein occurring
after April 1, 1907, although, the actual transfer to the corpora-
tion not having been consummated at the time of the injury,
the injured person was not in the employment of the corpora-
tion.
3. The phrase "as of date of April 1, 1907," in the resolution pur-
suant to which the property and business were taken over by
the corporation should be given significance with reference to
business losses occurring after that date, although such resolu-
tion described tangible property only.

APPEAL from a judgment of the circuit court for Ashland
county: E. W. HELMS, Judge. *Reversed.*

For the appellant there was a brief by *Eaton & Eaton* and
*Frank B. Lamoreux,* and oral argument by *M. H. Eaton.*

For the respondent there was a brief signed by *William F.
Shea,* and oral argument by *Mr. Shea.*

TIMLIN, J.    The former decision of this case is reported
in 142 Wis. 224, 125 N. W. 318, where a judgment in favor

of the plaintiff was reversed on the ground that the evidence failed to show that the plaintiff at the time of the injury was in the employ of the defendant corporation. The case was retried, and at the close of the testimony the circuit court directed a verdict for the defendant for the reason that the plaintiff was not in the employment of the defendant at the time of the injury. The plaintiff appealed to this court, whereupon the parties entered into the following stipulation:

"It is hereby stipulated by and between the above named parties that the judgment herein shall be affirmed unless this court shall find that there was evidence in the case upon which the jury could have found that the plaintiff was in the employ of the defendant at the time he was injured, or that the defendant is hereby estopped from denying that the plaintiff was then in its employ, or that the defendant assumed liability for such injury."

The appeal therefore involves an examination of the evidence. Evidence was offered which did not appear when the case was formerly before this court. It appeared that C. G. Bretting carried on a foundry business under the name of the C. G. Bretting Manufacturing Company at Ashland, Wisconsin, prior to his death, which occurred in 1904. Jane Bretting, his widow, was then appointed administratrix and ordered to close up the contracts and business on hand, and she continued the business under the same name. On January 21, 1907, she filed her final account as administratrix. On March 28, 1907, the inheritance tax was fixed. On April 2, 1907, she filed a supplemental or additional account as administratrix. C. G. Bretting left surviving him his widow and three sons, Ralph Bretting, William Henry Bretting, and Henry L. Bretting. These four may be said to have owned the foundry plant and business as widow and heirs of C. G. Bretting, deceased. Ralph C., Henry L., and William H. Bretting were under twenty-one years of age and Jane Bretting was their guardian.

On or about March 16, 1907, Jane Bretting, Sam Wheeler,

and C. A. Lamoreux executed articles of incorporation of the *C. G. Bretting Manufacturing Company* and caused the same to be duly filed with the secretary of state and recorded with the register of deeds of Ashland county. This corporation was empowered by such articles to carry on a similar business to that carried on by the natural persons aforesaid under the same name and at the same place.

The plaintiff was employed as a moulder by the C. G. Bretting Manufacturing Company in April, 1907, and on June 19, 1907, while in that employment, was injured by reason of alleged defective appliances. The signers of the said articles of incorporation met on July 15, 1907, and received the subscriptions of Jane Bretting, Ralph Bretting, Sam Wheeler, and C. A. Lamoreux to the capital stock of said corporation and turned over the affairs of the corporation to the stockholders. The latter immediately and on the same day convened for the purpose of electing a board of directors and the transaction of other business. Among other things it was resolved "that the matter of the purchase of the C. G. Bretting Manufacturing plant as heretofore conducted, consisting of real estate, buildings, machinery, and all personal property and accounts as shown by the statement and schedule this day filed with the secretary of this company, be and the same is hereby referred to the board of directors, and the said board is hereby empowered, directed, and authorized to purchase the said plant as of date of April 1st, 1907, for the sum of $40,000 and to issue in consideration therefor shares of the general stock of this corporation at par, not to exceed the sum of $40,000, it being understood that the said plant is owned by Jane Bretting, Ralph C. Bretting, William Howard Bretting, Henry Lyman Bretting, one quarter each, and that the stock of said corporation in payment therefor shall be issued to said owners of equal amount, *i. e.* $10,000 of stock at par value to each of said owners above named."

The schedule showed Block 3, Commercial Addition, Ash-

land, Wisconsin, with the following buildings thereon: foundry, blacksmith shop, boiler shop, machine shop, wood shop, pattern house, pump house, also a dwelling house on certain described lots, and certain machinery, tools, and fixtures, with stock on hand and other personal property and a list of accounts receivable. On September 12, 1907, Jane Bretting and her three sons executed a transfer of this property to the corporation. The corporation used the same books of account as its predecessor, continuing the same accounts without rest or break, the stockholders were the same persons theretofore interested in the manufacturing company except C. A. Lamoreux, who took one share apparently for the purpose of qualifying him as director, and Sam Wheeler, who took five shares and paid $500 therefor and later bought another five shares. Checks were signed "Jane Bretting, Administratrix," or simply "Jane Bretting." One of the Brettings testified that the corporation did not assume the liabilities of its predecessor in business, but this was merely his conclusion of law upon the facts. The relations of Jane Bretting and her three sons to one another and to this property cannot in strictness be said to be those of copartners. But there was a decided analogy in respect to ownership and obligation. The evidence fairly tends to prove that on and after March 15, 1907, the administratrix and her children intended to convey this business and property to the corporation in exchange for shares of its stock as soon as they conveniently could do so, the transfer to take place as of April 1, 1907. They proceeded by easy stages to accomplish this, as above recited. There is no fraud in the transaction. The question is whether the corporation is liable to an employee injured in consequence of a defective appliance on June 19, 1907. The law requires notice of such injury to be served within one year from the date of injury, and in October, 1907, the appellant served such notice on the corporation by serving it on Jane Bretting, an officer thereof.

There is a line of authority which may be fairly said to hold that where copartners or other joint owners of a solvent going business transform themselves into a corporation to which the joint property is transferred in exchange for shares of stock, there must, in order to bind the new corporation for the liabilities of the former partnership, be an express assumption by the corporation of such liabilities. 2 Cook, Corp. (6th ed.) § 673, p. 2041; *Hart Pioneer Nurseries v. Coryell,* 8 Kan. App. 496, 55 Pac. 514; *Austin v. Tecumseh Nat. Bank,* 49 Neb. 412, 68 N. W. 628.

There are also cases which hold that no such express agreement need be shown, but seem to go upon the presumption that such liabilities are assumed under these circumstances. *Du Vivier & Co. v. Gallice,* 149 Fed. 118; *Modern D. & C. Co. v. Blanke & H. S. Co.* (Tex. Civ. App.) 116 S. W. 153; *Ex'rs of Haslett v. Wotherspoon,* 1 Strobh. Eq. (S. C.) 209; *Andres v. Morgan,* 62 Ohio St. 236, 56 N. E. 875; *Texas Loan Agency v. Hunter,* 13 Tex. Civ. App. 402, 35 S. W. 399; *York Mfg. Co. v. Brewster,* 174 Fed. 566, 98 C. C. A. 348.

A third line of cases holds that the assumption of liabilities may be express or implied, and the latter rule has been established for this court in *Pratt v. Oshkosh M. Co.* 89 Wis. 406, 62 N. W. 84. See, also, *Hall v. Herter Bros.* 83 Hun, 19, 31 N. Y. Supp. 692; *S. C.* 90 Hun, 280, 35 N. Y. Supp. 769, affirmed 157 N. Y. 694, 51 N. E. 1091. In *Schufeldt v. Smith,* 139 Mo. 367, 40 S. W. 887, a partnership of three members converted themselves into a corporation. Later the corporation made a deed of trust preferring certain creditors of the former partnership. In a suit by creditors of the corporation to have this deed set aside the deed was upheld, but upon the ground that the evidence established an agreement by the corporation to take the firm property and assume its liabilities. See, also, 3 Thompson, Corp. (2d ed.) ch. 83, §§ 2345–2359. This agreement on the part of the

corporation may be proven like any other fact by any competent evidence which will establish either an express or an implied valid agreement to assume the liabilities. *Pratt v. Oshkosh Mfg. Co.* and *Hall v. Herter Bros., supra.* The evidence of assumption in the instant case is as follows: (1) the identity in name; (2) the almost complete identity of interest; (3) the continuation of the same business at the same place; (4) the identity of property; (5) the use of the old books without break or rest in the accounts; and (6) the resolution to take the property of the former associates as of date of April 1st. This last is very significant. In order to take the property as of April 1st the corporation would necessarily acquire all increase or increment accruing after that date and be subject to all diminution or loss occurring after that date in the ordinary vicissitudes of business. If the copartners sold goods or merchandise after April 1st on credit, the account, including the profit on the transaction, would go to the corporation. If by reason of breach of warranty on this sale a liability accrued to the purchaser, the corporation would be chargeable with this liability. No other reasonable effect could be given to the resolution to take the property as of date of April 1st. In *Chicago, R. & M. Line v. Wilmanns,* 141 Wis. 289, 124 N. W. 261, the receivers on December 16, 1908, sold and transferred certain accounts "as of June 17, 1908." It was held that this carried to the purchaser moneys collected on the accounts by these receivers between June 17 and December 16, 1908. The form of liability to the plaintiff, if there is any such liability, is not material. If there is such liability it was a loss of the partnership incident to the operation of the business and incurred after April 1st and before the actual transfer to the corporation was consummated. A business loss or liability of this kind cannot, with reference to the interpretation of the words "as of date of April 1st," be logically distinguished from any other business losses or liabilities occurring after April 1st.

The design to take over and continue the old business is apparent, and the expression "as of date of April 1st" must be given some significance although the writing in which it occurs describes only tangible property. If one of these buildings or one of these machines was destroyed by accidental fire after April 1st, would not the loss fall on the corporation? The expression is nearly the equivalent of the old law Latin *nunc pro tunc.* The plaintiff was not in the employment of the corporation at the time he was injured, but was in the employment of the precedent managers and owners of the business, and assuming that there was an outstanding liability of such manager and owners to the plaintiff, incurred in the operation of this business and accruing on June 19, 1908, when the corporation took over this property as of April 1, 1908, and continued the same account books under the same name, at the same place, for the purpose of continuing the same business, it assumed by this form of resolution the liability to the plaintiff if any such liability existed.

It follows that the judgment of the circuit court must be reversed and the cause remanded for a new trial.

*By the Court.*—Judgment reversed, and the cause remanded for a new trial.