Cooper Brothers Company, In Review vs. Henry H. Putnam.

## Washington.    Opinion April 27, 1923.

*A new corporation, whose incorporators include with others the stockholders of a*
*corporation which had ceased to do business, taking the assets of the old*
*corporation, but not assuming its debts, is not liable for a debt of the*
*old corporation in an action at law, in absence of a new contract*
*to pay such debt.    The assests of the old corporation taken*
*by the new corporation may be followed in equity*
*by a creditor of the former.*

In the instant case the plaintiff in review is not liable for the debt of Cooper Brothers sued for by Mr. Putnam.    We think the case is well within the rule that if the stockholders of a corporation which has ceased to do business, together with others, form a new corporation which takes the assets of the old corporation, but does not assume to pay its debts, the creditor of the old corporation cannot maintain an action at law against the new corporation unless the latter has made a new contract to pay his debt.

2.    Where a new corporation is formed, the creditors of the old corporation do not, without something further being done, become creditors of the corporation. . . .    They have an equitable right to follow the assets of the old corporation; but they cannot maintain an action against the new corporation, for there is no privity of contract.    To render the new corporation liable there must be a new contract made, such as will amount to a novation.

3.    There was no question as to the solvency of either partnership.    Neither was there question as to the right of Mr. Putnam to follow the assets of the partnership, or bring suit against the surviving partner.    Neither course was adopted.    He relied upon his supposed legal right to bring an action at law against the new corporation.    In so doing he erred.    The new corporation had made no promise to pay the claim, and had done no act nor authorized an act from which such promise to pay could legally be implied.    Withholding a check given by the partnership for three years, and failing to cash the same, with no claim made against the new corporation until just before the claim would be barred by limitation, are the chief facts in a series of events which forbid an inference, or the implication, that the plaintiff in review is liable as a contracting party, or that it can be held liable under the testimony in this case.

On report.    An action in review.    The original action was brought in Washington County at the October Term, 1919, in the Supreme

Judicial Court, defaulted, judgment entered and execution issued against the defendant in the original action, the plaintiff in review. On March 25, 1913, Alexander Cooper and Freeman Cooper were engaged in business at Newport, Maine, as partners, under the firm name of Cooper Brothers, and purchased of defendant in review 22,837 feet of hardwood at $25.00 per thousand. On receipt of the lumber Cooper Brothers contended that it was not such lumber as they had bought. They did not, however, reject it, but kept it and on December 18, 1913, sent to defendant in review a check for $128.52. On April 14, 1914, the corporation, the plaintiff in review, was organized by Percy L. Oakes, who had been a partner with the Cooper Brothers in another company, and those interested in the partnership, Cooper Brothers, principally, which new corporation, plaintiff in review, purchased the assets of the two partnerships, and assumed certain liabilities of such partnerships. On December 12, 1918, defendant in review wrote plaintiff in review asking for a settlement and the bringing of the original action followed. At the conclusion of the testimony, by agreement, the case was reported to the Law Court. Judgment for the plaintiff in review.

The case is fully stated in the opinion.

*Clinton C. Stevens,* for plaintiff in review.

*R. J. McGarrigle and H. J. Dudley,* for defendant in review.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

HANSON, J. This is an action in review and is before the court on report.

On March 25th, 1913, there were engaged in business at Newport, Maine, two copartnerships. One consisted of Freeman Cooper and Alexander Cooper, who were doing business under the firm name and style of "Cooper Brothers," manufacturing veneering. The other copartnership was doing business under the name of "Newport Box and Novelty Company," engaged in manufacturing wood turnings and novelties. It consisted of the two Coopers, named above, and Percy L. Oakes of the same Newport. The two partnerships used in common certain offices and manufacturing facilities, and Mr. Oakes, who was in the active management of the Box and Novelty Company, did occasional work for Cooper Brothers.

On the above date a car-load of hard wood lumber was sold by Henry H. Putnam of Danforth to Cooper Brothers. It was ordered by Freeman Cooper of Cooper Brothers. It appears that the quality of the car-load was objected to, on its arrival at Newport, and that there was included a lot of ash lumber which had not been ordered, and which could not be used by Cooper Brothers. After a conversation by telephone with Mr. Putnam's Danforth office, Cooper Brothers disposed of the lumber, and on the 18th of December, 1913, sent Mr. Putnam a check for $128.52, which check Mr. Putnam received and retained. Mr. Putnam did not again mention the subject until on December 18th, 1916, three years afterward, when by a letter addressed to "Cooper Brothers," he asked for settlement. Shortly after the shipment of the car-load of lumber and the sending of the check of $128.52, Mr. Freeman Cooper, one of the firm of Cooper Brothers, died. On April 9th, 1914, about four months after sending the last mentioned check, the heirs and next of kin of Freeman Cooper, Alexander Cooper, surviving partner with him in Cooper Brothers, and Percy L. Oakes, who had been partner with the Coopers in the Newport Box and Novelty Company, organized the defendant corporation. It appears that one Arline Cooper, widow of Freeman Cooper's son, was also an incorporator. The latter had no previous interest or ownership in either copartnership. On April 13, 1915, Mr. Putnam wrote to Cooper Brothers Company, the defendant, to sell the ash lumber and get out of it what it could, and send him the proceeds. This it did, and later sent him a check for $15.00 for the same, which he received and retained.

On December 12th, 1918, five years after Cooper Brothers had sent the check for $128.52, Mr. Putnam again wrote to Cooper Brothers, asking for a settlement. And after that, and just before the six years from the time of shipment, a suit was brought by Mr. Putnam against Cooper Brothers Company, the plaintiff, and not against his original debtors, Cooper Brothers, the partnership.

The writ in the original action was entered at the October Term of court, 1919, at Machias, when the plaintiff in review was defaulted and judgment rendered against it; upon which judgment execution was issued.

A petition was presented to the court on February 13, 1920, by Cooper Brothers Company, asking for a writ of review, which was granted, and the writ issued returnable at the October Term, 1920.

Hearing was had at the May Term, 1921, at Calais, and by agreement of the parties the case was reported.

The plaintiff purchased the assets of the two partnerships, and so far as the evidence discloses assumed certain liabilities represented by notes of one of the partnerships, which when due were renewed by the plaintiff in its own name. No other liability of either copartnership was assumed by the plaintiff, nor is it claimed by the defendant that any promise was made by the plaintiff to pay the amount sued for by Mr. Putnam.

Defendant's counsel does insist, however, "that the new corporation, having taken over all the property of the partnership, the said corporation became liable for the debts of the partnership by implication, and because it has succeeded to the liabilities of the partnership by doing so, the rights of the firm's creditors followed the partners and the property into the corporation and the latter was bound to discharge the debt of the partnership upon the theory that it had received the property, on which the firm had received credit, and that in equity and good conscience it should pay the firm's debts."

Is Cooper Brothers Company, the plaintiff in review, liable for the debts of Cooper Brothers?

Upon a careful examination of the testimony we are of opinion that the case is not within the purview of the cases cited by the defendant to sustain the contention that "when it is shown that the new corporation is in reality a mere continuance of the old one, the creditors of the old corporation may maintain an action at law against the new corporation," as in *Douglass Printing Co.* v. *Ober*, 69 Neb., 320, 95 N. W., 656; or for the purpose of continuing a business of a partnership, and the parties remain the same, as in *Andras* v. *Morgan*, 62 Ohio, 236, 78 Am. St. Rep., 712; *Baker Furniture Co.* v. *Hall*, 76 Neb., 78, 90 How., 280; *Hall* v. *Herter Bros.*, 157 N. Y., 694; affirming *Hall* v. *Herter Bros.*, 90 Hun., 280. *Reed* v. *First Nat. Bank*, 46 Neb., 168.

In the instant case one of the constituent copartnerships was not a party to the original contract, and at no time assumed liability thereunder. In addition the parties in interest are not the same, inasmuch as one of the stockholders of the new corporation was not a partner or interested in either copartnership. We therefore hold that the plaintiff in review is not liable for the debt of Cooper Brothers sued for as above by Mr. Putnam. We think the case is well within

the rule adhered to in the following cases holding, that "If the stockholders of a corporation which has ceased to do business, together with others, form a new corporation which takes the assets of the old corporation, but does not assume to pay its debts, the creditor of the old corporation cannot maintain an action at law against the new corporation unless the latter has made a new contract to pay his debt." . . . . And holding in addition, that,—

"It is obvious, however, that where a new corporation is formed, the creditors of the old corporation do not, without something further being done, become creditors of the new corporation. . . . They have an equitable right to follow the assets of the old corporation; but they cannot maintain an action against the new corporation, for there is no privity of contract. To render the new corporation liable there must be a new contract made, such as will amount to a novation." *Ewing* v. *Composite Brake Shoe Co.*, 169 Mass., 72. In *Beck & Pauli Lithographing Co.* v. *Nebraska City Cereal Mills*, (Supreme Court of Wisconsin, Feb. 1, 1901), 85 N. W., 127, a partnership which had contracted to buy certain show-cards from plaintiffs, to be used as advertising matter, was succeeded by the defendant corporation, the President of which, on being shown the correspondence with the partnership, and the sketches and proofs of the cards, stated "that he would take up the matter of the show cards next spring, and use them at that time," it was held "that such statement was not sufficient to show an agreement by the defendant to carry out the contract. Where copartners or other joint owners of a solvent going business transformed themselves into a corporation, to which the joint property was transferred in exchange for shares of stock, the new corporation is liable for the debts of the former partnership only where it has assumed them; but such assumption may be implied as well as express." *Liemer* v. *C. G. Bretting Mfg. Co.*, (1911), 147 Wis., 252, 133 N. W., 139; 15 A. L. R., 1132 note.

There was no question as to the solvency of either partnership. Neither was there question as to the right of Mr. Putnam to follow the assets of the partnership, or bring suit against the surviving partner. Neither course was adopted. He relied upon his supposed legal right to bring an action at law against the new corporation. In so doing he erred. The new corporation had made no promise to pay the claim, and had done no act nor authorized an act from which such promise to pay could legally be implied. Withholding a check

given by the partnership for three years, and failing to cash the same, with no claim made against the new corporation until just before the claim would be barred by limitation, are the chief facts in a series of events which forbid an inference, or the implication, that the plaintiff in review is liable as a contracting party, or that it can be held liable under the testimony in this case.

*Judgment for the plaintiff in review for $805.91 with interest thereon.*

---

Gɪsᴛ Bʟᴀɪʀ et al., Trustees, In Equity *vs.* Wᴏᴏᴅʙᴜʀʏ Bʟᴀɪʀ et als.

Cumberland.    Opinion May 1, 1923.

*The net income of a trust estate goes to the persons designated in the will, the distribution thereof being deferred by the occurrence of certain events as provided in the will, and no part thereof becomes a part of the principal.    If any part of said income is used in carrying out the provisions of the will, such part so used is to be restored from the principal to the income, at the time such income becomes distributable under the terms of the will.*

In this case the Trustees are advised:

