SHARPLES COMPANY, APPELLANT, V. HARDING CREAMERY COMPANY ET AL., APPELLEES.

FILED APRIL 18, 1907. No. 14,555.

1. Corporations: TRANSFER OF ASSETS: LIABILITY.. Where an insolvent corporation, in fraud of its creditors, transfers its assets to a new corporation, not the successor of the old, without consideration other than the issuance of stock to the stockholders of the old corporation, the corporation receiving such assets is liable to the creditors of the old corporation only to the extent of the value of the property received.

2. ———: ———: ACTION. In such case, an action at law will not lie against the receiving corporation.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. Affirmed.

Jefferis & Howell, for appellant.

Brome & Burnett, contra.

JACKSON, C.

The plaintiff sued the Harding Creamery Company and the appellee, the Nebraska-Iowa Creamery Company,

upon two promissory notes executed by the Harding Creamery Company. Issues were joined and a jury impaneled, when the Nebraska-Iowa Creamery Company demurred to the petition *ore tenus,* which was sustained, and thereupon the court directed a verdict for the plaintiff against the Harding Creamery Company, and in favor of the Nebraska-Iowa Creamery Company. Judgment was entered on the verdict. The plaintiff appeals.

The questions presented by the appeal are all involved in the action of the trial court in sustaining the demurrer of the Nebraska-Iowa Creamery Company to the plaintiff's petition. The allegations of the petition are, in substance: That the Harding Creamery Company made, executed and delivered to the plaintiff two certain promissory notes, which were unpaid. At the time the indebtedness was contracted and the notes given, Robert A. Stewart was a stockholder, director and president of the Harding company; that he owned and controlled more than one-half of the stock of that company; that he knew of the indebtedness to the plaintiff; that when the notes became due the Harding company was insolvent; that it owned certain real estate in the city of Norfolk of the value of $20,000; that the property was equipped with machinery and appliances for conducting a creamery business, and was occupied and used for that purpose by the Harding company. That Stewart, being president of the company and owning a controlling interest, became a promoter and participant in the formation of the Nebraska-Iowa Creamery Company for the purpose of taking and continuing the property, both real and personal, assets and business of the Harding company, and other similar corporations and copartnerships located in Nebraska and Iowa, thereafter conducting the business previously conducted by the Harding company and other companies, and with the further purpose of thereby hindering and delaying the creditors of the Harding company, including the plaintiff, in the collection of their demands against the Harding company; that, pursuant to the plan, the Harding company

conveyed to Stewart its property, including the real estate, for a purported consideration of $10,500; that in fact no consideration was paid, and on the same day Stewart conveyed the property to the Nebraska-Iowa company for the purported consideration of $10,500, but that in fact no consideration was paid for the transfer, except that the Nebraska-Iowa company issued to Stewart its stock to the amount of $35,000; that the Harding company thereupon ceased doing business, and Stewart became an officer and director in the Nebraska-Iowa company, which continued in the conduct of the business formerly carried on by the Harding company.

It is urged that the facts stated show the consolidation of several corporations and copartnerships, thereby constituting a new corporation, the successor of the old and liable for its debts, and that the facts stated show a fraud as against the creditors of the Harding company, such as to render the Nebraska-Iowa company liable in an action at law. If the Nebraska-Iowa company is shown by the petition to be a mere successor to the Harding company, then doubtless the plaintiff might maintain an action at law for the collection of the debt due from the Harding company, but we do not think the allegations of the petition sufficient to show that condition. The stockholders are not shown to be the same, in fact none of the stockholders of any of the old corporations, or partnerships, other than Stewart, are shown to be stockholders in the new corporation, and we think it clearly apparent from the facts stated in the petition that it is an independent and distinct corporation, and should in no sense be treated as the successor of the Harding company, or the same corporation in fact.

Where a new corporation acquires all of the assets of an old corporation, without other consideration than the issuance of stock to the stockholders of the old corporation, and the new corporation is in fact a mere continuance of the old, it would be liable to the creditors of the old corporation in an action at law; but where, as in this

case, the new corporation is not a mere continuance of the old, and the property has been paid for in full by stock in the new company, although the old corporation is insolvent, the subject matter is one that can only be dealt with in an adequate manner in a court of equity where an accounting should be had of the assets and liabilities of the old corporation, and of the character, identity and value of the property received. *Ewing v. Composite Brake Shoe Co.*, 169 Mass. 72. The record discloses that the plaintiff has already obtained a judgment upon his claim against the old company in this action. It should now proceed in the manner indicated.

The case is to be distinguished from *Douglas Printing Co. v. Over*, 69 Neb. 320. In that case a recovery was permitted in an action at law because it was held that the new corporation was in fact a continuance of the old.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.