Swobe v. Drummond Motor Co.

---

EDWIN T. SWOBE, APPELLANT, v. DRUMMOND MOTOR COMPANY ET AL., APPELLEES.

FILED FEBRUARY 15, 1923. No. 22206.

1. **Compromise and Settlement:** ESTOPPEL. In an action by a stockholder to restrain a sale and transfer of the assets of the corporation to another corporation on the ground that the proposed transfer was fraudulent as to the selling corporation and as to its creditors, a settlement was made by which the plaintiff sold his stock to a trustee for the corporations, and agreed, by stipulation filed in the case, "that he will not directly or indirectly cause any action to be commenced against the defendants in which the validity of any of the transactions between the defendants be called in question," and further agreed "that he will not directly or indirectly call into question the transfer made or to be made * * * of property referred to in the petition in this case and that the transaction between (the corporations) in issue in this case be ratified." He afterwards, as a creditor, procured a judgment against the selling corporation. In this creditors' bill he is seeking to subject the property of the buying corporation to the payment of this judgment on the ground that the transfer was in fraud of creditors. *Held*, that he is estopped by the stipulation from maintaining an action upon this ground.

2. **Judgment:** RES JUDICATA. Where, in an action at law, two cor-

porations were sued for the recovery of damages for breach of
contract, the petition alleging that one of the corporations was
the successor and merely a continuation of the other, which was
denied by the answer, and a verdict was directed for the buying cor-
poration under these issues, this is an adjudication of the issue
as to the identity of the corporations and is *res judicata* between
the same parties in another action.

3. **Appeal**: AFFIRMANCE. A judgment supported by the pleadings
will, in the absence of a bill of exceptions and special findings, be
affirmed. In the absence of a bill of exceptions, a judgment supported
by the pleadings will not be set aside because of special find-
ings, if the latter can by any fair interpretation be held to sup-
port it.

APPEAL from the district court for Douglas county:
ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*Kennedy, Holland, DeLacy & McLaughlin,* and *Stout,
Rose, Wells & Martin,* for appellant.

*Brome & Ramsey* and *Gaines, Van Orsdel & Gaines,
contra.*

Heard before MORRISSEY, C.J., LETTON, FLANSBURG and
ALDRICH, JJ., RAPER and TROUP, District Judges.

LETTON, J.

This is a suit in equity by which the plaintiff seeks to
hold the Douglas Motors Corporation liable for the
payment of a judgment in his favor against the Drum-
mond Motor Company, on the grounds that it is the
successor to the Drummond Motor Company, and im-
pliedly assumed the debts of that company, or upon the
ground that the transfer of assets was fraudulent and
void as to creditors of the Drummond Motor Company.
The petition alleges the recovery of a judgment by
plaintiff, the insolvency of the judgment debtor, and the
issuance and return *nulla bona* of an execution. In sub-
stance, it alleges that on or about December 7, 1916,
several of the directors of the Drummond Motor Company
caused the Douglas Motors Corporation to be organized;
that at that time the Drummond Motor Company had

outstanding liabilities of about $60,000 in addition to its capital stock; that its total assets at that time were of the value of about $300,000; that the Douglas Motors Corporation was formed for the purpose of fraudulently depriving the Drummond Motor Company of its assets, and its creditors from an opportunity to collect their claims; that afterwards all the assets of the latter company were transferred to the Douglas Motors Corporation by virtue of a contract of sale; that the transfer was only colorable; that the Douglas Motors Corporation is possessed of over $100,000 worth of assets of which the Drummond Motor Company is really the owner. The contract provided that the Douglas Motors Corporation shall pay the inventory value for the merchandise, finished automobiles and automobiles in the course of construction, in its common stock; for the leasehold, good-will and trade-name, $20,000 in common stock; and also pay certain specified debts of the Drummond Motor Company amounting to about $45,000.

The defense is that a former action brought by plaintiff to enjoin the Drummond Motor Company from transferring its assets to the Douglas Motors Corporation was settled by the purchase of plaintiff's stock for the consideration of $3,280 under a written stipulation as follows:

"For and in consideration of the payment to me of thirty-two hundred and eighty dollars ($3,280) to be paid on or before Wednesday March 14, 1917, by the defendants in the above-entitled action, I, Edwin T. Swobe, hereby assign, transfer and convey to Frank W. Bacon, trustee, forty-one (41) shares of common stock of the Drummond Motor Company, which is all the stock that I own in said corporation, and upon payment of said money to me I hereby agree to dismiss the above-entitled action absolutely.

"The said plaintiff agrees that he will not purchase any stock of the Drummond Motor Company under which any action be commenced against the defendants,

and that he will not directly or indirectly cause any action to be commenced against the defendants in which the validity of any of the transactions between the defendants be called in question, and the plaintiff agrees that he will not encourage any action on the part of any stockholders against the Drummond Motor Company. Plaintiff further agrees that he will not directly or indirectly call into question the transfer made or to be made by Drummond Motor Company and the Douglas Motors Corporation of property referred to in the petition in this case and that the transaction between the Drummond Motor Company and the Douglas Motors Corporation in issue in this case be ratified; provided that nothing herein shall be construed as waiving any action or right of action that does not involve a claim of invalidity of any transfers, contracts, or transactions between the Drummond Motor Company and the Douglas Motors Corporation, or seek the rescission of any such contract or transaction."

And it is alleged that the plaintiff is estopped by this stipulation from attacking the validity of the transfer.

A further defense to the claim that the Douglas Motors Corporation is liable as having assumed the debts of the other company will be considered later.

Evidence was taken, and special findings of facts were made. The court found, as a conclusion of law, that the plaintiff would be entitled to satisfy his judgment out of the assets and property of the defendant Douglas Motors Corporation, but is estopped by the operation and effect of the stipulation from alleging that the transfer was fraudulent as to him or other creditors of the Drummond Motor Company. The action was thereupon dismissed for want of equity, and from this judgment this appeal has been taken.

Upon a consideration of the first ground of recovery, alleged by plaintiff, viz., that the alleged transfer was in fraud of the rights of creditors, it seems to us

that the construction placed upon the stipulation by the trial court is reasonable and proper. The settlement was evidently dictated by the desire on the part of the parties to the pending contract of sale, which had been held up by the injunction, to consummate the transaction and to forestall and prevent any further attack by plaintiff upon the validity of the transfer, and the stirring up by him in the future of litigation against defendants, based on the alleged invalidity of the sale. We conclude that the plaintiff is estopped by the stipulation from directly or indirectly calling in question the validity of any of such transactions between the defendants, or calling in question the transfer made of the property, and that it is an effectual bar to this action so far as based upon the ground of fraud.

The suit, however, is in a double aspect, and relief is also sought upon the ground alleged in the petition, that the Douglas Motors Corporation became the successor to the Drummond Motor Company, taking over all of its assets and conducting the business as before, only under a change of name, and that it therefore, under former decisions of this court, impliedly assumed the debts of the Drummond Motor Company. As a defense to this branch of the case, the answer alleges that, after the stipulation had been filed, plaintiff began an action at law against the Drummond Motor Company, Frank W. Bacon, Daniel Baum, Jr., Richard O. Bunn, and Douglas Motors Corporation seeking to recover a money judgment for breach of a contract between himself and the Drummond Motor Company. After alleging the contract and its breach, the petition in that case alleged that the Douglas Motors Corporation was the successor of and a mere continuation of that company, and took over all its assets, and that by reason thereof the Douglas Motors Corporation became obligated as a matter of law to pay all the debts and liabilities of the Drummond Motor Company; that all these allegations were denied in the answer in that case; that

after the evidence was taken the jury were directed to return a verdict in favor of the Douglas Motors Corporation, and a judgment of dismissal as to that company was rendered upon these issues, which judgment is now *res judicata* as against the matters set up in this suit by the plaintiff.

The reply denies that the rights of plaintiff against the Douglas Motors Corporation were adjudicated in the action at law, and alleges that the court in that action "expressly directed the plaintiff to resort to an action in equity," and that pursuant to said direction plaintiff is now maintaining this suit in equity.

The question is presented, whether the action of the court in directing a verdict for the Douglas Motors Corporation and dismissing the case as to it in the action at law brought against it as the successor to the Drummond Motor Company is *res judicata* and operates as a bar to the prosecution of this suit. In bringing the action at law against both corporations, plaintiff relied upon the cases of *Reed Bros. Co. v. First Nat. Bank,* 46 Neb. 168, and *Douglas Printing Co. v. Over,* 69 Neb. 320, upon the theory that the transaction between the corporations was of such a character as to establish that the new corporation was a mere continuation of the old one. The trial court in that action found against the plaintiff on this issue, and directed a verdict for the Douglas Motors Corporation. It conclusively settled that so far as the parties to that suit are concerned the Douglas Motors Corporation was not a mere successor to, and liable at law for the debts of the Drummond Motor Company. However, where one corporation, in fraud of the creditors of another corporation, takes over the whole or any part of the property or assets of the former corporation with the mutual intention and purpose to defraud the creditors of the former corporation, an action in equity in the nature of a creditors' bill will lie to subject such property to the satisfaction of a judgment creditor. The distinction between the two

classes of cases is clearly pointed out in *Sharples Co. v. Harding Creamery Co.*, 78 Neb. 795. It is said: "If the Nebraska-Iowa Company is shown by the petition to be a mere successor to the Harding Company, then doubtless the plaintiff might maintain an action at law for the collection of the debt due from the Harding Company, but we do not think the allegations of the petition sufficient to show that condition. * * * Where, as in this case, the new corporation is not a mere continuance of the old, and the property has been paid for in value by stock in the new company, although the old corporation is insolvent, the subject-matter is one that can only be dealt with in an adequate manner in a court of equity where an accounting should be had of the assets and liabilities of the old corporation, and of the character, identity and value of the property received."

Plaintiff contends that the action now pending is allowable under the latter decision, but such an action is of the nature of a creditors' bill to reach property which has been fraudulently transferred, and the stipulation entered into is an effectual estoppel against maintaining any action which attacks the validity of the transfer.

Plaintiff relies upon certain findings of fact and conclusions of law made by the trial court as justifying a reversal of this case, and the entry of a decree for the sum due upon his judgment. There is no bill of exceptions, and the evidence is not preserved and presented to us. Some of the numbered findings of the trial court contain also conclusions of law. Considering the pleadings, and those findings which are purely findings of fact, and drawing our own conclusions as to the law applicable thereto, we see no reason to disturb the judgment. We find no inconsistency between the pleadings, the findings of fact, the conclusions of law drawn by this court therefrom, and the judgment of dismissal. The judgment of the district court is therefore                                                   AFFIRMED.