BLUMENTHAL, Appellant, vs. SCHNEIDER and another, Executors, and another, Respondents.

*March 10—April 7, 1925.*

*Corporations: Sole trader incorporating: Inference that corporation assumes debts: Evidence: Sufficiency.*

1. The promise of a corporation seller, made on consideration that defendant would purchase goods, that the corporation would reimburse him for loss sustained on a shipment of goods purchased by him from the president of the corporation while he was acting as a sole trader, is binding on the corporation, especially where the person making the promise is president and manager of the corporation and the inference from the testimony is that he is the practical owner; and the evidence in this case, supplemented by the probabilities arising. from uncontradicted facts, sustains the verdict of the jury that the corporation promised to pay the loss.   p. 590.

2. Where a sole trader incorporates and the corporation takes over all the assets and continues the same business at the same place with substantially the same name and under substantially the same ownership equitably, there is a strong inference that it assumes the liabilities of the sole trader. p. 590.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action by plaintiff as assignee of H. Kamber & Co. Inc., begun in the civil court to recover the purchase price of goods sold to one Schwartz, since deceased.

Before August 13, 1919, Schwartz had bought goods of the value of $1,587 of H. Kamber & Co., sole trader, which were missing from the case when received but for which he paid in full.   Since then Schwartz bought goods from H. Kamber & Co. Inc. of the value of $1,592.50.   The action is brought to recover this amount from the estate of Schwartz.

The defendants counterclaimed for the goods paid for to H. Kamber & Co., sole trader, but not received.

In the civil court the jury found that H. Kamber & Co.

Inc. assumed the liabilities of H. Kamber & Co., sole trader, but the court set aside the verdict and rendered judgment for plaintiff. The defendants appealed to the circuit court and it reinstated the verdict of the jury and judgment was rendered for defendants. From such judgment the plaintiff appealed.

For the appellant the cause was submitted on the brief of *Stein & Gottschalk* of Milwaukee.

For the respondent executors there was a brief by *Stern & Hersh* and *Padway, Skolnik & Winnecour,* attorneys, and *H. S. Winnecour,* of counsel, all of Milwaukee, and oral argument by *Joseph A. Padway.*

VINJE, C. J.   In addition to the verdict of the jury that H. Kamber & Co. Inc. assumed all the liabilities of H. Kamber & Co., sole trader, we have the testimony of Schwartz to the effect that when he was in New York and bought the bill of goods for which this action is brought, Mr. Kamber, previously the sole trader and then the president of H. Kamber & Co. Inc., assured him that if he would buy goods from the new company it would pay his loss on the goods paid for but not received, and that on the strength of such assurance he bought the goods. This is denied by Kamber, and he also denied the fact that H. Kamber & Co. Inc. assumed the liability of H. Kamber & Co., sole trader. It is evident from the verdict of the jury that they did not believe him, and it seems to us very probable that when Schwartz was in New York to purchase goods that he would not purchase a new bill from H. Kamber & Co. without some assurance that his past loss would be made good,—a loss that H. Kamber & Co. admitted he was not to blame for.

The promise to pay for the loss was made for a valuable consideration, namely, the purchase of further goods from the firm, and it was fully executed on the part of Schwartz and binding upon the corporation,—especially in a case, as here, where the person making the promise is the president

and manager of the business corporation, and the inference from the testimony being that he is the practical owner of the corporation. *Pratt v. Oshkosh Match Co.* 89 Wis. 406, 62 N. W. 84.

We have a case where a sole trader incorporates and the corporation takes over all his assets, continues the same business at the same place with substantially the same name and under substantially the same ownership equitably. Under such circumstances a strong inference arises that it assumes the liabilities of the sole trader. *Pratt v. Oshkosh Match Co.* 89 Wis. 406, 62 N. W. 84; *Ziemer v. C. G. Bretting Mfg. Co.* 147 Wis. 252, 133 N. W. 139. In the present case the inference is made certain by the testimony of Schwartz that for a valuable consideration actually received by the corporation it agreed to assume such liability. From the verdict and the probabilities arising from the uncontradicted facts in the case we can say that H. Kamber & Co. Inc. promised to pay the loss.

For a valuable note on the liability of a corporation for the debts of its·predecessor see 15 A. L. R. 1112.

*By the Court.*—Judgment affirmed.