CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD
COMPANY, Appellant, vs. BLUEMOUND OIL COMPANY,
Respondent.

*March 5—April 9, 1957.*

For the appellant there were briefs by *Bender, Trump, McIntyre, Trimborn & Godfrey,* attorneys, and *Rodger S. Trump* of counsel, all of Milwaukee, and oral argument by *Rodger S. Trump.*

For the respondent there was a brief and oral argument by *John E. Krueger* of Milwaukee.

BROADFOOT, J.   The plaintiff contends that where a sole trader incorporates and the corporation takes over all of his

assets and continues the same business at the same place with substantially the same name and under substantially the same ownership equitably, the corporation takes over the liabilities as well as the assets of the sole trader. It cites as its authority the case of *Blumenthal v. Schneider,* 186 Wis. 588, 203 N. W. 393. In that case one Schwartz bought goods of H. Kamber, a sole trader doing business as H. Kamber & Company, and paid for them. Some of the goods were not delivered. Thereafter Kamber incorporated as H. Kamber & Company, Inc. Schwartz testified that he was in New York and conferred with Kamber, previously the sole trader and then president of H. Kamber & Company, Inc.; that Kamber assured Schwartz that if he would continue to buy goods from the new company it would pay his loss on the goods paid for but not received, and that on the strength of such assurance he bought more goods. This was denied by Kamber. Schwartz did buy goods from the corporation in approximately the amount of his claim and when he failed to pay, suit was brought. Upon the trial the jury found that the corporation assumed the liabilities of Kamber, the sole trader. In its decision in that case this court said (p. 590):

"We have a case where a sole trader incorporates and the corporation takes over all his assets, continues the same business at the same place with substantially the same name and under substantially the same ownership equitably. Under such circumstances a strong inference arises that it assumes the liabilities of the sole trader. *Pratt v. Oshkosh Match Co.* 89 Wis. 406, 62 N. W. 84; *Ziemer v. C. G. Bretting Mfg. Co.* 147 Wis. 252, 133 N. W. 139. In the present case the inference is made certain by the testimony of Schwartz that for a valuable consideration actually received by the corporation it agreed to assume such liability. From the verdict and the probabilities arising from the uncontradicted facts in the case we can say that H. Kamber & Company, Inc., promised to pay the loss."

The majority view in this country is that the mere fact that a corporation is organized to take over a business formerly conducted by a firm or individual is not of itself sufficient to render it liable for a debt or liability incurred by such firm or individual in conducting such business prior to incorporation. A corporation under those circumstances may be liable for the debts of the individual when it has expressly or impliedly assumed them. Anno. 15 A. L. R. 1126; Anno. 149 A. L. R. 787.

In many cases the courts state that there is a presumption that the corporation assumes the liabilities of the sole trader. In the *Blumenthal Case, supra,* the court used stronger language and said that there is a strong inference that the corporation assumes the liabilities of the sole trader. However, in Wisconsin, as in a majority of the jurisdictions, it is held that there must be an agreement on the part of the corporation to assume the liabilities of the sole trader, which agreement may be express or implied. *Ziemer v. C. G. Bretting Mfg. Co.* 147 Wis. 252, 133 N. W. 139. In the *Blumenthal Case, supra,* the jury's finding was supported by evidence of a definite agreement by the corporation to assume the liabilities of the sole trader based upon a valuable consideration, which was paid. This is the rule where the sale is for an adequate price without fraud or attempt to hinder, delay, or defraud creditors. Unless there is an agreement, express or implied, there is no liability on the part of the corporation to assume the debts and liabilities of the seller except liability under the Bulk Sales Law. (Secs. 241.18 to 241.21, Stats.)

Here Holz was paid for his interest in the assets transferred to the corporation with the stock thereof. The plaintiff lost nothing by the transfers, for Holz continued liable to them as before and with presumptively as much net worth as before. Under the allegations in its complaint it was the duty of the plaintiff to show that the corporations took over all of the property of Holz and that the defendant assumed

the debt to the plaintiff. Holz testified upon the trial that he did not transfer to the defendant corporation all of his accounts receivable nor did the corporation agree to assume all of his accounts payable. His testimony is supported by schedules showing in detail cash, inventory, accounts, and notes receivable, and the equipment transferred to the defendant. The schedules also show in detail the accounts payable that were assumed by the defendant. The name of the plaintiff does not appear in the lists of accounts payable assumed by the corporation. Holz testified that there was a dispute with the plaintiff as to the charges and that he did not transfer to the defendant any of his accounts receivable upon which there was a dispute, nor did the corporation assume any of his accounts payable upon which there was a dispute. There was a question of fact to be resolved by the trial court, from the record, and the court's finding that the defendant did not assume the obligation in controversy was supported by the evidence and the record.

The plaintiff contends that the testimony of Mr. Holz should be disregarded as it consists of self-serving declarations and that in the interests of justice the corporation should be held liable. If Mr. Holz were a party defendant it might be contended that he had a moral obligation to pay the charges claimed by the plaintiff, but legally he is entitled to plead the statute of limitations as a defense. The same argument cannot be directed to the corporation.

*By the Court.*—Judgment affirmed.