COLUMBIA STAMPING & MANUFACTURING COMPANY, INC.,
Appellant, v. REICH, Respondent.

*September 9—October 5, 1965.*

300

For the appellant there were briefs and oral argument by *Herman M. Knoeller* of Milwaukee.

For the respondent there was a brief by *Donald C. Haberman,* attorney, and *Fredric Mendelsohn* of counsel, both of Milwaukee, and oral argument by *Mr. Haberman.*

BEILFUSS, J. The issues are: (1) Was there an oral agreement between Reich and Reinders that the payment of the V & E note by Reich was to be credited toward the stock subscription, and (2) was the V & E note assumed by Columbia and a liability of Columbia?

On appeal the findings of fact of the trial court must be adopted unless they are against the great weight and clear preponderance of the evidence. The evidence must be viewed from the standpoint most favorable to the findings of the trial court. *Guinther v. Schucht* (1965), 26 Wis. (2d) 97, 99, 101, 131 N. W. (2d) 861; *Klapps v. American Ins.*

*Co.* (1965), 26 Wis. (2d) 664, 668, 133 N. W. (2d) 248; *Hope Acres, Inc., v. Harris* (1965), 27 Wis. (2d) 285, 290, 134 N. W. (2d) 462.

The trial court held that the oral agreement did exist. Reich so testified. Attorney Pedersen who was present at several conferences between Reich and Reinders testified to the same effect. Daniel Durovy testified Reinders told him in December of 1960 that all the stock had been paid for. An accountant's balance sheet on Columbia, dated April 30, 1961, does not show any stock-subscription account receivable. Clearly there is ample credible evidence in the record to support the finding that the oral contract existed. In no sense can it be said that this finding is against the great weight and clear preponderance of the evidence.

Having approved the finding that the oral agreement did exist, we must decide whether or not it was effective. Columbia argues that Reinders had no authority to make the agreement; the board of directors must act. Columbia further argues that it never assumed the V & E liability and that it remained personal to Reich.

At the time of the oral agreement the directors of Columbia were Edwin A. Reich, Robert J. Reinders, and Kenneth F. Pedersen. The court does take judicial notice of this fact verified by annual reports in the office of the Wisconsin secretary of state under the rule announced in *Fringer v. Venema* (1965), 26 Wis. (2d) 366, 372, 373, 132 N. W. (2d) 565.

Sec. 180.13 (2), Stats., provides that the terms of payment for stock subscriptions shall be determined by the board of directors. Sec. 180.91 provides that any informal action by the board may be taken only if all persons entitled to vote at such meeting give consent in writing. No written consent was given here. However, sec. 180.37 (2) provides that notice is waived if the director attends unless he objects. Here all directors and shareholders were present

at the meeting in Mr. Pedersen's office. Reinders voiced no objection to lack of notice nor the informality. The meeting was for the purpose of discussing the financial problems of Columbia. This meeting constitutes a valid board meeting. Columbia's contention that the oral agreement is invalid because of no official board action is not well taken. All directors and shareholders were present at the meeting at which the oral agreement was consummated. See 19 Am. Jur. (2d), Corporations, pp. 555, 558, secs. 1119–1121.

Finally, the court must determine whether or not the V & E note became a liability of Columbia so that payment of it would constitute a financial benefit to Columbia.

V & E was originally a partnership between Victor Nohl and Reich. Later they incorporated. They desired to dissolve V & E. Instead of filing dissolution papers the parties entered into an agreement whereby Nohl would assume certain liabilities and Reich would assume certain liabilities existing before October 1, 1959. Reich was to get the business and the machinery and equipment. This agreement is dated October 5, 1959. There were certain outstanding liabilities to the First Wisconsin National Bank at this date, and Reich was to assume them.

On October 8, 1959, the deal was consummated by a bill of sale. On the same day Reich gave a bill of sale to Davanzo, identical to the one received from Nohl except for very minor changes—mostly names. Then, on February 19, 1960, Reich took back the business. Davanzo had, in the meantime, operated as Columbia Stamping & Manufacturing Company, Inc. Reich indemnified Davanzo for all liabilities. Davanzo took a chattel mortgage on the machinery and equipment transferred. At this point Reich owned all the stock of Columbia.

Courts are generally divided as to whether or not a corporation may assume the liabilities of a partnership or sole proprietorship by implication. See 18 Am. Jur. (2d),

Corporations, pp. 568, 569, sec. 19, wherein *Ziemer v. C. G. Bretting Mfg. Co.* (1911), 147 Wis. 252, 256, 257, 133 N. W. 139, is cited for holding that such liabilities may be assumed by implication. See also *Chicago, M., St. P. & P. R. Co. v. Bluemound Oil Co.* (1957), 275 Wis. 410, 82 N. W. (2d) 205. These cases hold that assumption of liabilities may be implied.

"We have a case where a sole trader incorporates and the corporation takes over all his assets, continues the same business at the same place with substantially the same name and under substantially the same ownership equitably. Under such circumstances a strong inference arises that it assumes the liabilities of the sole trader." *Blumenthal v. Schneider* (1925), 186 Wis. 588, 590, 203 N. W. 393.

In this case we had a partnership incorporate. Then there were several transfers of the assets and stock and a change in name. However, the business remained substantially the same. The machinery and equipment was substantially the same. The business was operated in the same building. The Walker Manufacturing Company was the main customer of the business at all times pertinent. The business maintained the same accountant, with one interrupted period. The V & E note in question appeared on the Columbia books as a liability. Apparently the same books were used by various entities. The parties treated the V & E note as a liability of Columbia. Otherwise the oral agreement would not have been made.

These facts are sufficient to support the finding that Columbia assumed the V & E note.

It is quite apparent from the testimony in the record and the documents in evidence that the people involved treated the corporations involved more as partnerships or sole proprietorships. The transfers were made in a slipshod and haphazard manner. They were in the form of sales of assets

rather than stock. The corporate modes of operation were ignored. The dispute in this action is really between Reinders and Reich. On the basis of this record it would appear to be unjust enrichment to suddenly impose strict corporation regulations when the evidence indicates that the parties conducted their business differently.

*By the Court.*—Judgment affirmed.